**AIKEN et al. v. PEABODY et al.**

No. 9380.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1947.

Edmund D. Adcock, John W. Day, Lewis F. Jacobson, and Roger Q. White, all of Chicago, Ill., for appellants.

Walter Brewer and Edward J. Farrell, both of Chicago, Ill., for appellees.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellants appeal from an order denying their motion suggesting the death of Stuyvesant Peabody and the substitution of Anita Healy Peabody and Joseph Solari, executrix and executor of the last will and testament and of the estate of Stuyvesant Peabody, and allowing the cross-motion of the executrix and the executor that the suit, because of Peabody's death, be dismissed as to him and his estate.

This is another episode in a suit brought in 1933 by certain creditors on behalf of all the creditors and against Peabody and others, who as former directors of the bankrupt Insull Utility Investments (hereinafter called I.U.I.) allegedly assented to the declaration of corporate dividends and thereby impaired the capital of the company in violation of § 23 of the Illinois General Corporation Act of 1919, Smith-Hurd Stats. c. 32, § 157.42 note, Cahill Ill.Rev.Stat. 1929, c. 32, ¶ 23. In addition, damages were sought

for the wrongful pledging of assets by the corporation in violation of covenants of debentures sold by I. U. I. The District Court found that there had been a release as to the alleged wrongful pledging of I. U. I.'s assets, and that any cause of action that might be stated as to the wrongful declaration and payment of dividends was insufficient in law. On appeal (Aiken v. Insull, 7 Cir., 122 F.2d 746) this court affirmed as to the release, but reversed as to the wrongful payment of dividends.

Upon remandment the complaint was amended to allege the details regarding the declaration of the corporate dividends, the dates of the directors' meetings at which they were declared, the names of those directors who were present and assented, and the assertion that the dividends were all declared, at a period when the capital of I. U. I. was either impaired or the company was wholly insolvent. Defendants' amended answer specifically denies that I. U. I. was insolvent at any time when a dividend was declared or assented to by the board of directors. This was the state of the record on June 7, 1946, when Peabody died.

The sole question for our consideration is whether the cause of action as stated in the amended complaint survives against the estate of Peabody.

In his memorandum the trial judge concluded that the wrong complained of was purely statutory; that to survive it must be classified as constructive fraud; and that the Illinois cases do not justify the conclusion of placing constructive fraud within the interpretation of the Survival Act. § 339 of the Probate Act, Ill.Rev.Stat.1947, c. 3, § 494.

The language of the Survival Act provides that: "In addition to the actions which survive by the common law, the following also survive: * * *, and actions for fraud or deceit." Plaintiffs contend that their cause of action which alleges wrongs in violation of the Corporation Act of 1919 survives the death of Peabody both by the common law and the specific provision as to fraud and deceit under the Probate Act.

In support of the first proposition plaintiffs argue that their claim survives by common law because it is a suit in equity and the rule that a personal action dies with the person is therefore not applicable. In the light of the earlier appeal (122 F.2d 746) it is unquestioned that this suit can be brought in equity. Moreover, in our examination of this point we necessarily shall confine our discussion to Illinois law, because it controls the issue involved.

Probably the leading case cited by plaintiffs in support of the survival of a cause of action is Geiger v. Merle, 360 Ill. 497, 196 N.E. 497. This was a suit filed by a widow to set aside an antenuptial agreement in which she released all her rights of dower. The bill alleged fraud in the making of the agreement. Plaintiff died pending the suit and the question arose whether the cause of action abated upon her death. The court held that as fraud was the gist of the suit it came within the general jurisdiction of equity and consequently did not abate upon the death of complainant. In Warner v. Flack, 278 Ill. 303, 116 N.E. 197, 2 A.L.R. 423, two attorneys purchased property from their client and in view of their failure to carry the burden of proving perfect fairness in regard to the purchase transaction, the court treated the case as one of constructive fraud. The right of the grantor to repudiate the conveyance for fraud was held to descend to his heirs.

Defendants do not dispute the premise stated above concerning survival but they contend that in the present case no facts are alleged which in any way constitute fraud or deceit. They insist that any allegation that Peabody assented to the payment of dividends without an allegation of fraudulent intention does not involve fraud or deceit. The gist of any action, of course, is to be determined from the pleadings. Geiger v. Merle, supra, 360 Ill. 497, at page 507, 196 N.E. 497. The amended complaint in addition to reciting the specific details regarding the declaration of dividends sets out the terms of § 23 of the Corporation Act then in force, and it is upon this statute, both sides agreeing, that plaintiffs' claim must stand or fall.

The pertinent language of this statute is as follows:

"The directors shall jointly and severally be liable for the debts and contracts of the corporation in the following cases: * * *

"(2) For declaring or assenting to a dividend if the corporation is, or is thereby, rendered insolvent, or its capital is thereby impaired, to the extent of such dividend * * *." As we view the opposing positions, the question is, were the acts of Peabody in declaring and assenting to the payments of dividends at a time when, it is alleged, the capital of the corporation was impaired, a liability created exclusively by the statute which could not be classified as constructive fraud, and could not survive under the terms of the Survival Act, or were the acts in question a liability existing at common law and now recognized by statute which can be classified as constructive fraud, and do survive under the terms of the Survival Act?

In disputing the contention that any right of action survived the death of Peabody, defendants cite Cairo Meal & Cake Co. v. Estate of Brigham, 268 Ill.App. 510, and Creighton v. County of Pope, 386 Ill. 468, 54 N.E.2d 543, 153 A.L.R. 802. In the former case the court had before it the propriety of the denial of a motion that the cause be transferred to chancery. Originally plaintiff-creditor filed a claim in the Probate Court against decedent's estate. On appeal to the Circuit Court, plaintiff amended its claim and sought the equitable remedy provided by the specific Corporation Act under consideration. The motion was denied not on any theory of survival, but on the theory of inconsistent pleadings. In the Probate Court the claim was based on personal liability, while the amended claim sought to raise an additional cause of action based on director's statutory liability. The court assumed the burden, however, of discussing whether a right of action created by the statute survives a director's death, and concluded that it did not if it involved a statutory penalty. This conclusion was not decisive of the case. Moreover, this court in the first Aiken appeal, supra, 112 F.2d at page 754, examined in the light of Illinois cases the liability imposed by the statute and found it not to be penal in character. In Creighton v. County of Pope, supra, the court was asked to decide the question of whether the unpaid installments of state blind relief benefits accruing before the death of a beneficiary survive and pass to the personal representative. In answering no, because the right of action involved is so personal, the court said in 386 Ill. at page 476, 54 N.E.2d at page 547, 153 A.L.R. 802: "it has long been settled that a cause of action created by statute does not survive unless declared so to do by the statute itself or unless provision for its survival is made by some other statute." The court obviously was referring to the Blind Relief Act [Ill.Rev.Stat.1947, c. 23, § 287a 1 et seq.] and those of a similar nature which create a right unknown to the common law and are wholly statutory.

In the previous appeal (122 F.2d 746), as in this one, we recognized that the wrong complained of was a statutory violation. We did not say, however, as appellee seems to contend, that liability was created by the statute, because we were not asked to decide that question. Now, with that question before us for adjudication, we find that liability of directors for declaration of dividends when payment thereof reduces the capital stock, provided the directors acted in bad faith or were guilty of gross negligence or inattention, is a principle existing at common law. 12 Fletcher, Cyclopedia Corporations § 5431 (Perm.Ed.1932). In this respect then the Illinois statute is merely reiterating the common law, and we are impelled to the conclusion that the language in Creighton v. County of Pope, supra, is inapplicable to the facts in our case and that the equitable remedy sought here survives. This conclusion is reinforced upon a review of the instant facts. Declaration and assent to dividends on the preferred stocks of I. U. I. at a time when it is alleged the company not only had no earned surplus but a deficit as well, is clearly constructive fraud upon the creditors and intent to defraud need not be shown, because constructive, or legal fraud, is still fraud. It is predicated upon the presumption and rests less upon furtive intent than does moral fraud. It is presumed from the relation of the parties or from the circumstances under which it takes place. 23 Am.Jur. p. 756. The allegations of constructive fraud

are sufficiently set forth in the amended complaint.

As shown by the language in Geiger v. Merle, supra, 360 Ill. at page 510, 196 N.E. at page 503: "It is, however, unnecessary to decide whether the action properly comes within that statute [survival statute], for, being an action within the general jurisdiction of equity, and fraud being the gist of the action, it does not die with the person." Warner v. Flack, supra, and Illinois Minerals Co. v. McCarty, 318 Ill.App. 423, 48 N.E.2d 424.

The order appealed from is reversed and the cause is remanded to the District Court with instructions that plaintiffs' motion for substitution of defendants be allowed. It is so ordered.