363 F.2d 236
 ACRON INVESTMENTS, INC., Velturon Corporation, Metrim Corporation, Fullerton Country Club, C. S. Jones, Edith B. Jones, Los Coyotes Country Club, Bellehurst Country Club, Kenneth G. Walker and Nancy M. Walker, Appellants,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Appellee.
 No. 20724.
 United States Court of Appeals Ninth Circuit.
 June 30, 1966.
 
 John Whyte, Robert P. Schifferman, Charles G. Cale, of Whyte & Schifferman, Los Angeles, Cal., Kenneth E. Scott, Max Wilfand, Washington, D. C., for appellees.
 Baum & Aran, Leonard P. Baum, Beverly Hills, Cal., for appellants Walker.
 Joseph A. Ball, Joseph D. Mullender, Jr., of Ball, Hunt & Hart, Long Beach, Cal., for appellants Acron and others.
 Before BARNES, JERTBERG and ELY, Circuit Judges.
 BARNES, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court, which denied motions by defendants to dismiss on the ground that the court lacked jurisdiction. The entire controversy on this appeal is whether the district court has jurisdiction to entertain the complaints. Accordingly, jurisdiction in the district court will be considered infra. This court has jurisdiction pursuant to 28 U.S.C. § 1292 (b), the district court having certified that the order involves a controlling question of law as to which there is substantial ground for differences of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation.
 
 
 2
 All of the defendants in this case were persons or corporations having interests in real property located in Orange County, California, on which loans had been made by Long Beach Federal Savings & Loan Association. These loans were given in exchange for notes secured by deeds of trust on the real property involved. Long Beach Federal assigned the notes and deeds of trust to the Federal Savings & Loan Insurance Corporation (herein "Corporation").
 
 
 3
 On September 4, 1962 the Corporation filed a complaint in the United States District Court for the Southern District of California, Central Division, in 467 causes of action to judicially foreclose the deeds of trust and to secure deficiency judgments against the makers of the notes, their "alter egos," or their assignees. Some of the causes of action pray for ancillary relief such as a declaratory judgment regarding an escrow agreement involved in the trust deeds. The complaint alleged the jurisdiction of the district court was conferred by 12 U.S.C. § 1725, 28 U.S.C. § 1345, and 28 U.S.C. § 1444. (CT 5.)
 
 
 4
 On December 22 and 27, 1965, the various defendants filed motions to dismiss the complaint on the ground that the district court lacked jurisdiction. Hearings were held and on January 14, 1966, the trial judge issued his "Order Denying Motions to Dismiss and Certifying Controlling Question of Law Pursuant to 28 U.S.C. Sec. 1292(b)," to which reference has been made. (CT 1248.) The order contained no reference to the jurisdictional grant upon which the court relied in dismissing the motions, and gives no suggestion as to the reasoning which led the court to that conclusion.
 
 
 5
 Appellants filed an application for permission to appeal pursuant to 28 U.S.C. § 1292(b) with this court. The application was heard, and permission granted. Later, some of the appellants filed in this court a motion to stay pretrial proceedings in the district court until the determination of this appeal. This motion was granted.
 
 
 6
 The sole issue is whether the United States District Courts have jurisdiction of suits brought by the Federal Savings & Loan Insurance Corporation because it is such, when no other basis for jurisdiction exists.
 
 
 7
 The principal United States Code sections around which this argument centers are 12 U.S.C. §§ 1437(b), 1725(a) and (c); and 28 U.S.C. §§ 451, 1345, 1349.
 
 12 U.S.C. § 1725(a) reads:
 
 8
 "(a) There is created a Federal Savings and Loan Insurance Corporation (hereinafter referred to as the `Corporation'), which shall insure the accounts of institutions eligible for insurance as hereinafter provided, and shall be under the direction of the Federal Home Loan Bank Board and operated by it under such bylaws, rules, and regulations as it may prescribe for carrying out the purposes of this sub-chapter. The principal office of the Corporation shall be in the District of Columbia."
 
 12 U.S.C. § 1725(c) reads in part:
 
 9
 "(c) On June 27, 1934, the Corporation shall become a body corporate, and shall be an instrumentality of the United States, and as such shall have power —
 
 
 10
 * * * * * *
 
 
 11
 (4) To sue and be sued, complain and defend, in any court of competent jurisdiction in the United States or its Territories or possessions or the Commonwealth of Puerto Rico, and may be served by serving a copy of process on any of its agents or any agent of the Federal Home Loan Bank Board and mailing a copy of such process by registered mail or by certified mail to the Corporation at Washington, District of Columbia."
 
 
 12
 12 U.S.C. § 1437(b) reads, in pertinent part:
 
 
 13
 "(b) The Home Loan Bank Board which was, pursuant to Reorganization Plan Numbered 3 of 1947, established and made a constituent agency of the Housing and Home Finance Agency shall, from August 11, 1955, cease to be such a constituent agency and shall be an independent agency (including the Federal Savings and Loan Insurance Corporation) in the executive branch of the Government: * * *."
 
 
 14
 Chapter 85 (District Courts; Jurisdiction) of Title 28 defines the original jurisdiction of those courts. 28 U.S.C. § 1345 reads:
 
 
 15
 "§ 1345. United States as plaintiff.
 
 
 16
 Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."
 
 
 17
 The plaintiff herein is not the United States. Is it (a) an agency thereof, (b) expressly authorized to sue by Act of Congress?
 
 
 18
 The Federal Savings & Loan Insurance Corporation is by statutory enactment "included" within an "independent agency" and is itself an "instrumentality of the United States" (12 U.S.C. § 1725(c)) expressly authorized to sue by Act of Congress. (12 U.S.C. § 1725(c) (4).)
 
 
 19
 28 U.S.C. § 451 also contains in the last paragraph of definitions the following:
 
 
 20
 "The term `agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense."
 
 
 21
 This definition describes what the word "agency" includes. Does it exclude from the definition of "agency" that which is not specifically described in § 451? We think not. An "independent agency" is no less an "agency" in the ordinary sense of the word whether it is described in § 451 or not. In other words, § 451 is not an all-embracing definition.
 
 
 22
 Reduced to its simplest terms, the argument of appellee is that it is either an independent agency of the United States, in which case jurisdiction is conferred by 28 U.S.C. § 1345, or a corporation in which the United States has a proprietary interest within the meaning of 28 U.S.C. § 451, and therefore an agency within the compass of 28 U.S.C. § 1345. Appellants contend that in order to be an agency within the meaning of 28 U.S.C. § 1345, a corporation must meet the requirements of 28 U.S.C. § 1349 (federal incorporation not a basis for jurisdiction unless government owns at least one-half of corporation's capital stock),[1] and since none of the Corporation's stock is directly owned by the United States the Corporation does not qualify.
 
 
 23
 Appellee's argument adopts the theory that its corporate form does not prevent its being considered an "agency of the United States." This argument is premised on at least two alternative grounds: first, that various code sections outside of Title 28, United States Code, refer to the Corporation as an "agency"; and secondly, that 28 U.S.C. § 451 includes in the definition of "agency" for purposes of Title 28 "any corporation in which the United States has a proprietary interest" and in any event since § 451 is phrased in the disjunctive the Corporation could be an "agency" within the meaning of 28 U.S.C. § 451 without meeting the definition of the final phrase of the section which requires a proprietary interest. After considering these arguments, we are of the opinion that they possess merit, and hold that the district court did not err in finding that jurisdiction existed.
 
 
 24
 Even if we were required to look to § 451 for the purpose of jurisdiction under 28 U.S.C., we believe it can be done, i. e., it can be found to be an agency within § 451. In the case of a corporation, one way of satisfying this definition of § 451 is by showing that it is a corporation in which the United States has a proprietary interest. Appellants make much of an argument that, by force of 28 U.S.C. § 1349, "proprietary interest" in the case of corporations can only mean that the United States must own at least one-half of the capital stock of the corporation, and that § 451 is not satisfied in this case because the United States owns none of the stock of the Corporation. On the surface, appellants' argument appears to have merit, for if corporations were permitted to establish jurisdiction in cases where the United States did not own at least one-half of the stock, 28 U.S.C. § 1349 would be rendered a nullity. But appellants overlook the legislative history of the Federal Savings and Loan Insurance Corporation in making this argument. When the Corporation was first set up by Congress in 1934, the total stock subscription was made and paid for by the Home Owners' Loan Corporation, another federal creation. In 1948, title to all the stock was transferred to the Secretary of the Treasury. In 1950 the Corporation was directed by statute to retire its stock, and this process was completed in 1958. Thus from 1948 through 1958 the United States owned all of the stock of the Corporation. At present there is no outstanding stock to be owned.
 
 
 25
 The Reviser's Note to 28 U.S.C. § 451 states that "The definitions of agency and department conform with such definitions in section 6 of the revised Title 18, Crimes and Criminal Procedure," and the Reviser's Note under 18 U.S.C. § 6 states that "The phrase `corporation in which the United States has a proprietary interest' is intended to include those governmental corporations in which stock is not actually issued, as well as those in which stock is owned by the United States. It excludes those corporations in which the interest of the Government is custodial or incidental." (Emphasis added.)
 
 
 26
 Putting aside the question of the status under 28 U.S.C. § 1349 of a governmental corporation whose stock has been retired, we are faced with a definition of "agency" in 28 U.S.C. § 451 which, according to the attendant reviser's notes, includes corporations without any outstanding stock. And the reviser's notes are authoritative in interpreting the Code. United States v. National City Lines, 337 U.S. 78, 81, 69 S.Ct. 955, 93 L.Ed. 1226 (1949). Since the control which Congress and the United States exercise over the Corporation is clearly more than "custodial or incidental," it would appear that the Corporation fits within the definition of "agency" of 28 U.S.C. § 451 and thus within the terms of 28 U.S.C. § 1345.
 
 
 27
 Although under the circumstances existing in this case it is not necessary to so decide, we could not reach a contrary result even if we did not believe that the reviser's notes were authoritative in this case. It would be difficult to hold that a governmental corporation in which the government at one time owned all stock, but which had retired its stock, would not meet the definition of 28 U.S.C. § 451 merely because it no longer had stock outstanding which the United States could own in order to satisfy 28 U.S.C. § 1349. Where would ownership lie?
 
 
 28
 Having found that the Corporation is an "agency" within the meaning of the final clause of 28 U.S.C. § 451, we deem it unnecessary to pass upon the other arguments advanced by appellee to support the judgment of the district court.
 
 
 29
 The order of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Title 28
 "§ 1349. Corporation organized under federal law as party
 The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."