**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, a corporation, Plaintiff,**

v.

**Robert FIELDING et al., Defendants.**

**Civ. No. LV–1222.**

United States District Court,
D. Nevada.

Aug. 5, 1970.

See also D.C., 309 F.Supp. 1146.

Munger, Tolles, Holls & Rickershauser, Los Angeles, Cal., for plaintiff.

Simon, Sheridan, Murphy, Thornton & Medvene, Los Angeles, Cal., for Sally Neumeyer.

## ORDER GRANTING MOTION TO SUBSTITUTE

THOMPSON, District Judge.

Pursuant to Rule 25(a), Federal Rules of Civil Procedure, plaintiff suggested upon the record the death of Albert G. Neumeyer, one of the defendants named in the case at bar, and moved for the substitution of his executrix in his place. The executrix opposes the motion. The motion is granted.

The executrix raises anew contentions which have been decided before by this Court, as well as points applicable only

to the instant motion. The arguments on the old points are again rejected. In addition, the executrix contends that Nevada law does not provide for survival of this action, that the right to punitive damages cannot survive since they are penal in nature, and that 28 U.S.C. § 2404 does not provide for survival of the causes of action alleged against the decedent because the United States is not a party.

■ The action *sub judice* sounds in tort. Even the cause of action for violation of Rule 10b–5 promulgated pursuant to the Securities Exchange Act of 1934 is derived from the ordinary tort doctrine that a violation of a legislative enactment may create, without more, civil liability. Kardon v. National Gypsum Co., 73 F.Supp. 798 (E.D.Pa.1947), on request for additional findings, 83 F.Supp. 613 (E.D.Pa.1947); Restatement of Torts § 286 (1934); III L. Loss, Securities Regulation 1763–64 (2d ed. 1961); *Id.* at VI, p. 3869–73 (Supp. to 2d ed. 1969); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Martin Standing to Sue for Damages Caused by Fraudulent Purchases or Sales of Securities, 35 Nev.St.B.J. 9 (1970). The age-encrusted common law rule *actio personalis moritur cum persona* would thus seem to require abatement not only of the suit but also of the causes of action. It has been generally stated that a cause of action for fraud does not survive. ' Stratton's Independence v. Dines, 126 F. 968 (D.Colo.1904), aff'd, 135 F. 449 (8th Cir. 1905), cert. den. 197 U.S. 623, 25 S. Ct. 800, 49 L.Ed. 911 (1905). But when injury to property resulted, the common law rule above did not apply and survival ensued. Thus many courts have found "tortious breaches of contract", Forrester v. Southern Pac. Co., 36 Nev. 247, 134 P. 753, 136 P. 705 (1913); or "rights of property conspired to be deprived", Clark v. Lesher, 46 Cal.2d 874, 299 P.2d 865 (1956) in order to allow survivability. Furthermore, the old rule has been undressed and exposed as without foundation in Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (June 15, 1970).

■ Federal law governs the survivability of the causes of action. The causes of action can conveniently be divided into two categories, the rule 10b–5 violation and all other causes of action. As this Court expressly held in its order entered November 24, 1969, assignability of the causes of action from the First Western Savings and Loan Association to plaintiff, Federal Savings and Loan Insurance Corporation (hereinafter FSLIC) is governed by federal law and under that law, the assignment is valid. The common law allowed survival of causes of action which could be assigned. Wikstrom v. Yolo Fliers Club, 206 Cal. 461, 274 P. 959 (1929). If a cause of action is assignable, it is in the nature of a non-personal property injury and does not die with the tortfeasor or injured person.

■ For the same reason, actions in equity have not been subject to the legal rule of abatement. Where an action is within the general jurisdiction of equity and fraudulent acts of corporate officers are the gist of the action, it does not die with the tortfeasor. Aiken v. Peabody, 168 F.2d 615 (7th Cir. 1947). This Court, in its November 24, 1969 order, held that the cause of action for unjust enrichment by reason of a violation of Rule 10b–5 was and could only be equitable. So, insofar as that cause of action is concerned, two bases for its survivability exist, equity jurisdiction and assignability.

Yet another reason exists for allowing substitution. 28 U.S.C. § 2404 provided for survival of civil actions for damages initiated by the United States or in which the United States is interested. Defendant's executrix refers to cases which state that government corporations are not the "United States" insofar as waiver of sovereign immunity is concerned. The cases she cites are not persuasive. She relies heavily on Lawrence Warehouse Co. v. Defense Supplies Corp., 168 F.2d 199 (9th Cir. 1948), rev'd, 336 U.S. 631, 69 S.Ct. 762, 93 L.

Ed. 931 (1949). While the United States Supreme Court, in reversing *Lawrence,* did not expressly disapprove of the Ninth Circuit's statement that the Government corporation involved was not an agent of the United States, the Court did state that the corporation was "an arm of the United States Government" and "[o]ur supervisory appellate jurisdiction would be of little value if the injustice caused by the decision below were to stand uncorrected." Acron Investments, Inc. v. Federal Savings and Loan Ins. Corp., 363 F.2d 236 (9th Cir. 1966), cert. den., 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966), held that FSLIC could sue in a federal court under the jurisdiction conferred by 28 U. S.C. § 1345 as an agency of the United States. The Court held this in the face of 28 U.S.C. § 1349 which provides: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an act of Congress, unless the United States is the owner of more than one-half of its capital stock." This statute was enacted in 1925 as a response to the Supreme Court's decision that federal question jurisdiction was present whenever a federal corporation sued. 43 Stat. 936, 941. Pacific Railroad Removal Cases, 115 U. S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885); Murphy v. Colonial Federal Savings and Loan Assoc., 388 F.2d 609 (2d Cir. 1967); Harris v. American Legion, 162 F.Supp. 700, 710 (S.D.Ind.1958), aff'd, 261 F.2d 594 (7 Cir.); Rice v. Disabled American Veterans, 295 F.Supp. 131 (D.C.1968). *Acron* held that § 1349 did not bar suit even though FSLIC has no stock owned by anyone. It held that FSLIC was an *agency* of the United States Government within the meaning of 28 U.S.C. § 451 and was therefore excluded from the prohibition of section 1349.

■ It would be inconsistent to say that FSLIC is an agent of the United States for the purpose of bringing this suit into court but not for keeping it there. The United States is interested in the action at bar.

■■ Section 2404 also requires that the suit be for damages. But as that term is usually used, it means compensatory or remedial recovery as distinguished from imposition of penal exactions. Defendant's executrix agrees with this proposition. But her contention that the recovery sought is penal is nonsense. The cause of action for violation of Rule 10b–5 lies in equity. And while it is true that punitive damages have been requested, it is the cause of action upon which the focus must be in determining whether survival happens. If the cause of action survives, punitive damages may be awarded. Forrester v. Southern Pac. Co., 36 Nev. 247, 274–275, 134 P. 753 (1913); Annot. 63 A.L.R.2d 1327 (1959).

■ Finally, FSLIC relies partly on N.R.S. 143.060 in contending that the causes of action against defendant survive. Defendant's executrix replies that the statute does not encompass the negligence, conspiracy and Rule 10b–5 claims. As noted above, the Nevada Supreme Court has construed the statute broadly. *Forrester, supra.* The causes of action are for tortious impairment of the business of plaintiff and thus, since they involve a property right, survive. Cf. Clark v. Lesher, *supra.* And the modern rule is that actions survive. The presumption in many states is that every cause survives until the contrary is made to appear by way of exception to the rule. Eg. Reinhardt v. New Haven, 23 Conn.Sup. 321, 182 A.2d 925 (1961). Since it is the federal and not the state rule which governs here, whether or not the law of one state, Nevada, allows survival is only one factor to be considered in determining what the federal rule is.

However, since defendant's executrix relies so heavily on the alleged narrow scope of N.R.S. 143.060 as indicating an intent by the State of Nevada to limit survival, it is useful to consider N.R.S. 143.080 which provides: "Any person or his personal representatives shall have a right of action against the executor or

administrator of any testator or intestate who, in his lifetime, shall have wasted, destroyed, taken, carried away or converted to his own use the goods or chattels of any such person, or committed any trespass on the real property of such person." "Person" is defined by N.R.S. 10.010(1) (c) to include a corporation. This statute was taken from California Code of Civil Procedure § 1584. 1929 Nev.Comp.Laws § 9767. Section 1584 has been unequivocably construed by the California Supreme Court In Bank as providing that a stockholder's suit to recover funds of which the corporation was defrauded survives against the executors of a deceased defendant. Fox v. Hale & Norcross Silver Mining Co., 108 Cal. 478, 41 P. 328 (1895). Since the Nevada Supreme Court gives great weight to interpretations by courts in other states of statutes of those states which Nevada has adopted, eg., Kaye v. United Mortgage Co., 86 Nev. ——, 466 P.2d 848, it is unlikely this interpretation would not be placed on N.R.S. 143.080. Accordingly,

It hereby is ordered that Sally Neumeyer, Executrix of the last will of Albert G. Neumeyer, is substituted in the place of the defendant Albert G. Neumeyer in this action.