**The UNITED STATES of America, Plaintiff,**

v.

**The ESTATE OF Earl R. BAXTER, Thomas Crossan, Administrator; and the Estate of Lynn O. Muse, Defendants.**

**Civ. A. No. 77–1284.**

United States District Court, D. Kansas.

Aug. 10, 1983.

J. Christopher Kohn and Mark D. Friedman, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for plaintiff U.S.

Thomas Crossan, Independence, Kan., for defendant Baxter estate.

Quentin Kurtz, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for defendant Muse estate and intervenor Charlotte Muse.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT TO THE UNITED STATES

THEIS, Senior District Judge.

This is an old case that has been moving falteringly toward a resolution on the merits for the last six years. In the course of these lengthy proceedings the United States has experienced a frequent turnover of legal personnel, with fourteen different at-

torneys representing it at various times. Of greater significance are the deaths of both of the named defendants, Earl R. Baxter and Lynn O. Muse, since the suit was begun. These complications of the leisurely pace of this case through the adjudicatory process have, in turn, engendered even more delay and confusion, and have multiplied the issues in what was originally a fairly straightforward lawsuit. In an apparent attempt to halt this exponential proliferation of issues, the United States has moved for summary judgment. For the reasons that follow, this Court agrees that the end of the road has finally come for this case.

## I. Factual Background

The first motion for summary judgment by the United States in this case was filed on April 15, 1982. This Court ruled on October 13, 1982 that neither this motion nor the defendants' replies to it complied with Rule 15(c) of the Local Rules of Practice of the United States District Court for the District of Kansas, which provides that

The memorandum in support of a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party. The statements required by this subsection shall be in addition to the material

required by these Rules and the Federal Rules of Civil Procedure.

The second motion for summary judgment by the United States was filed on May 2, 1983. The revised motion complied with Rule 15(c) by containing concise numbered statements of the material facts as to which the United States contends there is no dispute. Tom Crossan, Administrator of the estate of Earl R. Baxter, filed a brief in opposition to the United States' motion on June 3, 1983. Charlotte Muse, widow of Lynn O. Muse, filed an *amicus curiae* brief in opposition to the United States' motion on June 27, 1983. Because neither of the briefs in opposition specifically controvert the United States' statement of material facts, those facts must be deemed admitted for the purposes of the present summary judgment motion.

No useful purpose would be served by repeating here in its entirety the exhaustive six-page recital of facts provided by the United States. The underlying facts concerning the original dispute are relatively simply stated. Suffice it to say that Baxter and Muse executed a performance bond in the amount of $1,000,000 to guarantee the performance of a government contract, that the contractor failed to perform, that the government was damaged by the contractor's breach in the amount of $2,318,318.78, that the government was frustrated in its attempt to recover its damages by the contractor's bankruptcy, and that this suit was instigated to recover on the performance bond.

The procedural facts of this case cannot be so simply stated. The original complaint was filed on July 25, 1977. Baxter died on July 30, 1978, and Muse was appointed as the administrator of his estate. Muse died intestate on November 19, 1979. Tom Crossan was appointed as successor administrator of Baxter's estate, and no effort was made to probate or to appoint an administrator or executor for the estate of Lynn O. Muse.

The United States was allowed to substitute Baxter's estate for Baxter on February 9, 1979. A similar motion to substitute

Charlotte Muse, as the representative of Muse's estate, for Muse was strenuously opposed by Charlotte Muse. United States Magistrate John B. Wooley ruled, on March 17, 1981, that no effort has been made to probate Muse's estate, that Charlotte Muse did not represent the estate in any capacity, and that the motion to substitute Charlotte Muse for Lynn O. Muse would "be denied without prejudice to renew said motion if within ninety days proceedings are undertaken to probate the Estate of Lynn O. Muse," Dk. No. 30, at 1.

No proceedings to probate Lynn Muse's estate have ever been undertaken. The United States nevertheless changed the case caption, on its first motion for summary judgment, to read "United States of America, Plaintiff, v. Earl R. Baxter, Thomas Crossan, Administrator, and Estate of Lynn O. Muse." Charlotte Muse replied to this first summary judgment motion, albeit "primarily as a friend of the Court," Dk. No. 36, at 2, and was emphatic in her assertions that neither she nor the estate of Lynn O. Muse were parties to the action.

The United States likewise named the "Estate of Lynn O. Muse" as a defendant in its second motion for summary judgment. Charlotte Muse has again opposed the motion, this time by filing an *amicus curiae* brief with this Court's express prior approval.

## II. Contentions of the Parties

### a) The United States

The United States contends that it is entitled to summary judgment because the uncontroverted statements of material fact contained in its memorandum establish that Baxter and Muse are liable on the performance bond, and because 28 U.S.C. § 2404 provides for the survival of damage actions commenced by the United States when the named defendants die.

### b) Baxter Estate

Tom Crossan, Administrator of Baxter's estate, does not dispute the accuracy of the United States' statements. Instead, he alleges that Baxter's estate is insolvent and that he has no money or means to investigate the truth of the United States' claims. Crossan also points out the death of Baxter's widow on March 5, 1983, and the fact that two of her heirs are minors. Crossan wishes to file his own answer for Baxter's estate, even though an answer was filed on the estate's behalf by another lawyer in early 1979; to have a guardian ad litem appointed for the minor heirs; and to have this case consolidated with a bankruptcy case in which the bankrupt corporation is allegedly indebted to Baxter's estate on a mortgage covering land that the United States seeks to have sold.

### c) Muse Estate

Charlotte Muse, in her *amicus* brief, argues that there is no "estate" of Lynn O. Muse, and that the United States is precluded from any recovery against Muse, his property, or his heirs by K.S.A. § 59–2239(1), which provides that

all demands, including demands of the state, against a decedent's estate, whether due or to· become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within six (6) months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment, except that the provisions of the testator's will requiring the payment of a demand exhibited later shall control. No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of said decedent's death, unless a petition is filed for the probate of the decedent's will or for the administration of the decedent's estate within nine (9) months after the death of the decedent and such creditor shall have exhibited his or her demand in the manner and within the time herein prescribed . . . .

Charlotte Muse argues that this language precludes the appointment of an administrator or the creation of an "estate" at this point in time, and thus that no legal entity exists against which the United States can obtain a judgment.

### III. Analysis and Discussion

As a preliminary matter, it must be remembered that, in considering a motion for summary judgment, the Court must examine all of the evidence in the light most favorable to the party opposing the motion. *Mogle v. Sevier County School Dist.*, 540 F.2d 478, 482 (10th Cir.1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977); *Frey v. Frankel*, 361 F.2d 437, 442 (10th Cir.1966). The burden is on the moving party to prove its entitlement to summary judgment beyond a reasonable doubt. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 36 (10th Cir.1975). Summary judgment is a drastic remedy to be applied with caution in order to preserve a litigant's right to trial. *Machinery Center, Inc. v. Anchor National Life Ins. Co.*, 434 F.2d 1, 6 (10th Cir.1970). Nevertheless, if after consideration of all the facts and the drawing of all inferences from those facts in favor of the party opposing the motion, it is discovered that no triable issue of material fact exists, the defendant is entitled to summary judgment as a matter of law. *Ando v. Great Western Sugar Co.*, 475 F.2d 531, 535 (10th Cir.1973); *American Empire Ins. Co. v. Nugent*, No. 77–1466 (10th Cir., unpub., Jan. 22, 1979).

The uncontroverted material facts presented by the United States and deemed admitted for the purposes of the present summary judgment motion pursuant to Local Rule 15(c) clearly establish that Baxter and Muse signed a performance bond in the amount of $1,000,000 and that the United States would be entitled to a judgment in that amount against Baxter and Muse were they alive. *See* Dk. No. 45, at 1–5 (22 paragraphs of uncontroverted material facts).

Because Baxter and Muse are dead, the obvious question is whether the United States' cause of action survived them. Pursuant to 28 U.S.C. § 2404,

> a civil action for damages commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a defendant but shall survive and be enforceable against his estate as well as against surviving defendants.

There is no question that this case is a civil action, that it is for damages, and that it was commenced by the United States. It is, therefore, enforceable against the estates of Baxter and Muse notwithstanding their deaths.

As for Baxter, this settles the matter. Baxter clearly has an estate under Kansas law, and Tom Crossan, the Administrator of that estate, has raised no argument that judgment cannot run against the estate. Summary judgment in favor of the United States and against the estate of Earl R. Baxter is, therefore, appropriate.

As for Muse, the question remains as to whether he has an "estate" against which a judgment is enforceable. Charlotte Muse's reliance on K.S.A. § 59–2239 for the proposition that no estate exists or can be created at this time is misplaced for two reasons. First, it is federal, and not state, law that determines whether the United States' action against Muse survives, *see, e.g., Federal Savings and Loan Ins. Corp. v. Fielding,* 316 F.Supp. 82 (D.Nev.1970). Second, K.S.A. § 59–2239 is in the nature of a statute of limitations, which cannot be applied to bar an action by the United States, *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1939) (Florida eight-month statute of limitations for claims against decedents' estates). Federal law simply provides that the action is enforceable against Muse's "estate," 28 U.S.C. § 2404, *supra.* The determinative question thus becomes: what is an "estate" for the purposes of § 2404?

Charlotte Muse's arguments proceed on the assumption that an "estate" is a legal entity created by a state court of competent jurisdiction when it probates a will or appoints an administrator or executor for an

intestate decedent. This Court finds this assumption to be overly narrow and technical. Although there is a surprising paucity of case law on this precise question, this Court believes that the word "estate" was used in § 2404 in its broadest sense to denote all of the property in which the decedent had an interest at the moment of death.

This belief is based on several observations. First, the language of § 2404 is plainly susceptible to this construction. One of the accepted definitions of the word "estate" is that it is synonymous with "property." *See generally* Black's Law Dictionary, 5th Ed. 1979, at 365 ("Decedent's estate" is defined as "Property, both real and personal, which [a] person possesses at the time of his death. . . ."); 31 C.J.S. *Estates* § 1(a) (" 'Estate' is a term which in its ordinary usage may signify condition in life and may include property, rank, office, income, social position, or character. In legal usage it is of more restricted meaning, ordinarily as indicating the position in which a person stands with respect to the ownership, possession, and control of his property, or as meaning the property itself.").

Second, it is obvious that Congress could have easily limited the scope of § 2404 to estates that had entered formal administration at the state level if that had been Congress' intent. For example, the language Congress used to establish the priority of government claims against insolvent estates is:

A ·claim of the United States Government shall be paid first when—

the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor,

31 U.S.C. § 3713(a)(1)(B). Although sections 2404 and 3713 are in different titles of the *United States Code,* the similarity of their subject matter and their purpose—protecting claims of the United States—makes reference to § 3713 and the cases construing it relevant to the present explication of § 2404.

Third, the cases construing § 3713 have held that its language should be liberally construed because the statute "has reference to the public good," *Bramwell v. United States Fidelity and Guaranty. Co.,* 269 U.S. 483, 487, 46 S.Ct. 176, 177, 70 L.Ed. 368 (1926). Section 2404, having equal reference to the public good, is entitled to equally liberal construction, which requires that the word "estate" be defined as broadly as is reasonable.

Last, the cases construing § 3713 have shown an unwillingness to accord a narrow and technical definition to even the restrictive language of that section. Instead of requiring satisfaction of the state requirements for the appointment of a formal administrator or executor, the United States Supreme Court has simply held

that a debt due the United States is required first to be satisfied when the possession and control of the estate of the insolvent is given to any person charged with the duty of applying it to the payment of the debts of the insolvent, as the rights and priorities of creditors may be made to appear.

*Bramwell, supra* at 490, 46 S.Ct. at 178.

In light of these considerations, this Court is constrained to hold that, as for defendant Lynn O. Muse, the damage action of the United States against him survived his death and is enforceable against his estate, defined as the property in which he held an interest at the time of his death and which was transferred to others either by will or by operation of the laws of intestate succession.

IT IS THEREFORE ORDERED that summary judgment in favor of the United States and against the estates of Earl R. Baxter and Lynn O. Muse be entered in the amount of $1,000,000.00. Proper collection procedures in aid of execution of this judgment against the de jure or de facto representatives of these estates will disclose the nature and extent of the recovery on this judgment.