**Rosa Esther RIVERA GONZALEZ, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO, American Red Cross, et al., Defendants.**

**Civ. No. 88–1940 (GG).**

United States District Court, D. Puerto Rico.

Sept. 5, 1989.

Falcón & Fernández, Ulpiano Falcón, Hato Rey, P.R., for plaintiffs.

Cordero, Miranda & Pinto, Miguel A. Giménez Muñoz, San Juan, P.R., and Arnold & Porter, Washington, D.C., for co-defendant, American Red Cross.

Harry Viera Villeneuve, San Juan, P.R., for co-defendant, Patient's Compensation Fund Admin.

María L. Jiménez Colón, San Juan, P.R., for co-defendant, Com. of Puerto Rico.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The present action was originally filed in the Superior Court of Puerto Rico, Bayamón Part, alleging that plaintiffs' daughter contracted human immunodeficiency virus (HIV), the virus which causes Acquired Immune Deficiency Syndrome (AIDS) from contaminated blood products negligently supplied by defendant American Red Cross, Caribbean Region (Red Cross), and received through transfusions at the Bayamón Regional Hospital, which is owned and operated by defendant, the Commonwealth of Puerto Rico. Thereafter, Red Cross filed a verified petition for removal to this court. On March 6, 1989 we entered an order granting the motion filed by co-defendant the Commonwealth of Puerto Rico and dismissing the instant action against it and judgment was entered on March 7, 1989. On March 10, 1989 plaintiffs filed a motion and memorandum in support thereof requesting that we reconsider our dismissal order and partial judgment as to the Commonwealth of Puerto Rico and remand the entire case to the court of origin. The Red Cross opposed the motion and filed a memorandum in support. The Red Cross has also requested oral argument on this matter. Since proper adjudication can be made on the record as it stands, we will proceed to rule on the pending matter without the necessity of oral argument.

Red Cross contends that it is entitled to remove this action for two reasons: (1) The Congressional charter of the Red Cross pursuant to 36 U.S.C. § 2 gives the federal courts original jurisdiction, and thus removal jurisdiction over suits to which the Red Cross is a party; and (2) that the Red Cross is a federal agency over which there is removal jurisdiction under 28 U.S.C.

§§ 1441(a) and 1442(a)(1). Conversely, plaintiffs assert that this action is not removable because: (1) the Red Cross charter does not create exclusive federal jurisdiction; (2) there is no separate and independent claim or cause of action which would permit removal under 28 U.S.C. § 1441(c), and; (3) plaintiffs' complaint does not involve a substantial federal question, but is instead based strictly on state law.

Defendant first relies upon the general removal provision 28 U.S.C. § 1441(a) for the premise that 36 U.S.C. § 2 provides a grant of original jurisdiction to federal district courts in suits to which the Red Cross is a party. Under 28 U.S.C. § 1441(a) any civil action brought in a state court is removable by a defendant to the district court of the United States in the district and division where the action is pending provided that the district courts have original jurisdiction over the action. Pursuant to 36 U.S.C. § 2, the Red Cross has the "power to sue or be sued in courts of law or equity, State or Federal within the jurisdiction of the United States." The question here is whether the "sue-and-be-sued" clause operates as a conferral of federal jurisdiction.

■ Generally speaking, a provision in a corporate charter that confers the right to sue and be sued only creates in a corporation the capacity to litigate, *see* Fed.R. Civ.P. 17(b), or in the case of a government corporation, waives sovereign immunity. *See Federal Housing Administration v. Burr,* 309 U.S. 242, 244–47, 60 S.Ct. 488, 490–91, 84 L.Ed. 724 (1940). In order to confer jurisdiction, Congress usually does so by express reference in a separate clause.

In *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824) the Supreme Court held that a clause in the bank's charter which allowed it to "sue and be sued ... in all State Courts having competent jurisdiction, and in any Circuit Court of the United States," was a Congressional grant of federal jurisdiction in all cases to which the bank was a party. This decision has been questioned on numerous occasions, but has not been over-

ruled and thus serves to guide our present analysis. The Court distinguished a case involving the bank's predecessor, *Bank of the United States v. Deveaux,* 9 U.S. (5 Cranch) 61, 3 L.Ed. 38 (1809), on the basis that while the charter of the original bank allowed it to "sue and be sued, in courts of record or any other place whatsoever," no reference was made to the federal courts, and therefore, it merely conferred on the bank a general capacity to sue.

However, *Osborn* does not stand for the proposition that a Congressional charter that contains a sue-and-be-sued clause automatically confers federal jurisdiction on the corporation so enabled. *Osborn* supports the position that sued-and-be-sued clauses confer federal jurisdiction if they expressly authorize suit in the federal courts.

This proposition was reaffirmed by the Court in *Bankers Trust Co. v. Texas & Pacific Ry. Co.,* 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010 (1916), where it held that the Congressional charter granting the defendant the right to "sue and be sued ... in all courts of law and equity within the United States" did not confer jurisdiction. *Id.* at 302–04, 36 S.Ct. at 569–71. In this case, the Court distinguished the general language used in Texas and Pacific's charter with the specific reference in the bank's charter (in *Osborn*) to "a circuit court of the United States." *Id.* 304–05, 36 S.Ct. at 570–71.

Likewise, in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the FDIC's charter contained a provision which allowed said entity to sue or be sued "in any court of law or equity, State or Federal." Additionally, the FDIC's charter provided that "[a]ll suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States." *Id.* at 455 n. 2, 62 S.Ct. at 678 n. 2.

■ We have carefully examined the language in 36 U.S.C. § 2 and conclude that the terminology constitutes an express grant of original federal jurisdiction. Our conclusion is amply supported by the legislative history of 36 U.S.C. § 2. The 1947

charter amendment added the phrase "State or Federal" based on a recommendation contained in the Harriman Committee Report, S.Rep. No. 38, 80th Cong., 1st Sess. 1 (1947); H.R.Rep. No. 337, 80th Cong., 1st Sess. 6 (1947), U.S.Code Cong.Serv.1947, p. 1028 that provided:

Suit in the Federal Courts. Recommendation No. 22. The charter should make clear that the Red Cross can sue and be sued in the federal courts. The present charter gives the Red Cross the power to sue and be sued in courts of law and equity within the jurisdiction of the United States. The Red Cross has in several instances sued in the federal courts and its powers in this respect have not been questioned. However, in view of the limited nature of the jurisdiction of the federal courts, it seems desirable that this right be clearly stated in the charter. Report of the Advisory Committee on Organization at 35–36 (June 11, 1946).

Clearly, the prior decisions of the Supreme Court as well as the legislative history, indicate that the statute incorporating the Red Cross confers original federal subject matter jurisdiction over those claims asserted against it.

We must also consider whether any of the claims joined in the petition are removable because the court has original jurisdiction over claims against the Red Cross. 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Since we concluded above that the statute incorporating the Red Cross confers original federal subject matter jurisdiction over those claims asserted against the Red Cross, those claims "would be removable [under 28 U.S.C. § 1441(a) ] if sued upon alone." 28 U.S.C. § 1441. We must determine then whether the claims against the

Red Cross are "separate and independent" from the otherwise non-removable claims asserted against the other defendants.

■ In the leading case interpreting section 1441(c), *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court enunciated the standard applicable for determining whether a claim which would be removable if sued upon alone is "separate and independent" from the non-removable claims joined in the petition as follows:

Where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). *Id.* at 14 [71 S.Ct. at 540]; *also see Boggs v. Lewis*, 863 F.2d 662, 664 (9th Cir.1988); *England Concrete Pipe Corp. v. D/C Systems of New England, Inc.*, 658 F.2d 867 (1st Cir.1981).

However, where a plaintiff seeks recovery for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under section 1441(c). *American Fire & Casualty Co. v. Finn, supra*, 341 U.S. at 14, 71 S.Ct. at 540.

After careful examination of the pleadings in this case, we conclude that the claims asserted against the Red Cross are not separate and independent from the claims asserted against the other defendants for purposes of section 1441(c). The pleadings indicate a single wrong arising from an interlocked series of transactions for which relief is sought, i.e., contamination with the AIDS virus. Thus, removal is not warranted under section 1441(c).

■ Finally, defendant asserts that the Red Cross is a federal agency which has a right to remove this case under 28 U.S.C. § 1442(a)(1). Section 1442(a) provides in the pertinent part:

A civil action . . . commenced in state court against any of the following persons may be removed by them to the district court of the United States for the

district and division embracing the place wherein it is pending: (1) any officer of the United States or any agency thereof, or person acting under him, for any act under color of · such office.

The phrase "any officer of the United States or any agency thereof" has been interpreted to mean that section 1442(a)(1) applies only to situations where federal officers are sued in state court and does not apply to agencies themselves. Nonetheless, it is not clear whether federal agencies themselves may remove under this section. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3727 at 457. Since the Red Cross fails to meet the definition of an agency of the United States, we do not reach the issue of whether an agency may in fact remove under 28 U.S.C. § 1442(a)(1).

For purposes of title 28, the definition of agency includes "any corporation in which the United States has a proprietary interest." Since the Red Cross does not issue stock we must look for other indicia that the United States has a proprietary interest which is not merely incidental or custodial. *See Government National Mortgage Ass'n v. Terry*, 608 F.2d 614, 618 (5th Cir.1979); *Acron Investments, Inc. v. Federal Savings & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir.1966).

In *Government National Mortgage Ass'n v. Terry, supra,* the Fifth Circuit found that GNMA, which performed certain limited governmental functions in the execution of a larger national housing policy, was an agency as defined in 28 U.S.C. § 451. *Id.* at 620. The management of GNMA is controlled entirely by a government agency, HUD, which defines the policies of GNMA and which has the power to amend bylaws and direct its operations. *Id.* at 619. GNMA is also financed by the federal government.

Likewise, in *Rauscher Pierce Refsnes, Inc. v. Federal Deposit Ins. Corp.*, 789 F.2d 313 (5th Cir.1986), the Fifth Circuit found that the FDIC was an agency within the definition of 28 U.S.C. § 451. The FDIC is empowered to promulgate banking regulations, examine banks and issue or-

ders, as a way of achieving a national policy goal set by Congress of maintaining a strong currency and a safe banking system, necessary for the health of the national economy. *Id.* at 315–16. In contrast to the GNMA and the FDIC, the Red Cross was not set up to perform an essential function in the operation of the national economy, with the federal government maintaining primary control of the corporation. In *Irwin Mobile Blood Bank v. American Nat' Red Cross*, 640 F.2d 1051 (9th Cir.1981), the Ninth Circuit Court of Appeals meticulously examined the characteristics of the federal connection of the Red Cross to determine if it was an "agency" of the federal government for the purposes of the Freedom of Information Act. 5 U.S.C. §§ 551(1), 552, 552(e). The court noted that in 1905 Congress reincorporated the Red Cross and introduced government supervision of the organization, as well as federal representation in the organization, which until that time had been conducted as a private corporation. S.Rep. No. 2139, 84th Cong., 2nd Sess. 203 (1956). The President currently appoints eight out of fifty American National Red Cross members to the board of governors, one of whom acts as principal officer of the corporation. 36 U.S.C. § 5 (1982). These links, however, were not found sufficient to overcome the essentially private nature of the organization. The court also noted that Congress gives only "special purpose" grants to the Red Cross, and that otherwise the organization depends upon contributions and its own revenues for operating expenses. *Irwin Mobile Blood Bank, supra,* 640 F.2d at 1056. Moreover, Congress has stated its express intention of maintaining the "impartial, non-political" character of the Red Cross, and has stated that to this end the Red Cross carries out its objectives by the means of the "voluntary contribution of its members." H.R.Rep. No. 2054, 84th Cong., 2nd Sess. 2 (1956). Thus, the court concluded that "the Red Cross is undoubtedly a close ally of the United States government, but its operations are not subject to substantive federal control or supervision." *Irwin Mobile Blood Bank, supra* 640 F.2d at 1057.

In summary, we must conclude that the federal government is not intertwined with the Red Cross in such a way as to give the United States a "proprietary interest," making the Red Cross an agency of the United States as defined in 28 U.S.C. § 451, and as such it may not remove under 28 U.S.C. § 1442(a)(1). Based on our discussion above, we find that the instant action was improvidently removed and should be remanded to the state court of origin.

Wherefore, in view of the foregoing, plaintiffs' motion to reconsider our prior partial dismissal and to remand, filed on March 10, 1989 is hereby GRANTED. Consequently, our Order and Judgment of dismissal of March 6 and 7, 1989, respectively, are hereby vacated and set aside and the Commonwealth of Puerto Rico is hereby reinstated as a party defendant in this case. The Clerk of the Court is directed to remand the instant case to the Superior Court of Puerto Rico, Bayamón Part.

SO ORDERED.