**Pura C. TORRES VELAZQUEZ, et al., Plaintiffs,**

v.

**FOUR STAR INDUSTRIES, INC., Defendant.**

**Civil No. 99–1315 (JP).**

United States District Court, D. Puerto Rico.

May 5, 1999.

Mauricio Hernández Arroyo, Ciales, PR, for plaintiffs.

Vicente J. Antonetti, Goldman Antonetti & Córdova, San Juan, PR, for defendant.

## OPINION & ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

■ Before the Court is Defendant's Four Star Industries, Inc.'s ("Four Star") Notice of Removal (**docket No. 1**) and Plaintiffs' Opposition to Notice of Removal (**docket No. 3**) [1]; and Defendant's Opposition to Plaintiffs' Motion for Remand and Memorandum in Support of Such Opposition (**docket No. 7**). Defendant filed the notice of removal arguing that Plaintiffs' complaint originally filed in the Puerto Rico Court of First Instance, Superior Division, Ponce Part ("State Court") arises under the laws of the United States, particularly the Workers' Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq. Plaintiffs counter Defendant's removal arguing that their wrongful discharge action under Puerto Rico law is their "primary and substantial cause of action." (Opp'n Notice Removal at 2).

### II. BACKGROUND AND ARGUMENTS

One hundred and ninety nine Plaintiffs filed a Complaint in State Court alleging that, on December 11, 1998, Four Star wrongfully terminated them in violation of Law 80 of May 30, 1976, P.R.Laws Ann. tit. 29 § 185 ("Law 80"). Plaintiffs add that Defendant should be ordered to pay a sum for attorneys fees of "no less than 33⅓ % of all items adjudicated in [their] favor ... in the present case, and ... any penalty, meaning violations to the laws applicable in cases of wrongful discharges, local

---

1. Although the proper way to oppose a removal is through a motion to remand, Plaintiffs' Opposition to Notice of Removal will be treated as a motion requesting the remand of the case. See 28 U.S.C. § 1447(c).

and/or federal, alleging that in the present case the provisions of the federal W.A.R.M. [sic] Act were violated." (Pls' Compl. ¶ 10).

Four Star answered the Complaint in State Court and filed a Notice of Removal arguing that the Court has jurisdiction over this case because the Complaint arose, at least in part, under the WARN Act, a federal statute which requires employers to provide advance notice of termination to soon-to-be-terminated employees to allow them time to seek other jobs. *See Siniscalchi v. Shop–Rite Supermarkets, Inc.*, 903 F.Supp. 182 (D.Mass.1995).

Plaintiffs counter Four Star's Notice of Removal with three arguments. First, Plaintiffs state that their Law 80 wrongful discharge claim, a state claim, constitutes their "primary and substantive cause of action." (Pls' Opp'n Notice Removal at 2) Plaintiffs argue that the reference made to the WARN Act in the Complaint results from Defendant alleging in its discharge letter that its actions complied with said act. Plaintiff characterizes the reference to the WARN Act as a "rebuttal presumption." Second, Plaintiffs argue that they brought their Complaint under the special summary proceedings established in P.R.Laws Ann. tit. 2 § 3118 et seq. ("Law 2") and that by removing the instant case to federal court, Law 2's intention to expedite labor claims would be frustrated. Finally, Plaintiffs argue that the Notice of Removal is moot because they have filed a Motion Requesting Remedy with State Court asking for the removal of any and all allegations of the WARN Act in their Complaint.

## III. *DISCUSSION*

██ The right to remove a case to federal court is created by statute. *See Rivera González v. Commonwealth of Puerto Rico*, 726 F.Supp. 10 (D.Puerto Rico 1989). The relevant removal statute guiding the Court's analysis is 28 U.S.C. § 1446. This statute states that removal is initiated by filing a notice of removal in federal court for the district in which the State Court proceeding is pending. The Court notes that the document filed with the Court is entitled a "notice," not a motion for removal, indicating that once the petition is filed in federal court and notice has been given to the state court and the parties, the case has been removed, leaving the state court divested of jurisdiction over the case. *See Commonwealth of Massachusetts v. V & M Management, Inc.*, 929 F.2d 830, 834 (1st Cir. 1991); *see also Anthony v. Runyon* 76 F.3d 210 (8th Cir.1996); *Jacks v. Torrington Company*, 256 F.Supp. 282, 284 (D.S.C.1966); Erwin Chemerinsky, Federal Jurisdiction § 5.5 (2nd ed 1994). Because the State Court is divested of its jurisdiction from the moment Defendant notifies the removal until and unless the case is remanded, Plaintiff's filing of a Motion Seeking Remedy seeking the amendment of her State Court complaint cannot be entertained. According to 28 U.S.C. § 1446, after removal is effected, "the State court shall proceed no further unless and until the case is remanded." Therefore, the Court will not consider the WARN act allegations moot, and it will determine whether it has jurisdiction based on the pleadings as they stood at the moment of removal. *See* 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3722 at 471 (3d ed.1998).

██ In the notice of removal, the defendant bears the burden of establishing that removal is proper. *See Sopena v. Colejon Corp.*, 920 F.Supp. 259 (D.Puerto Rico 1996); *Transport Auditing, Inc. v. Sea–Land Service, Inc.*, 897 F.Supp. 34 (D.Puerto Rico 1995). An action is removable from state to federal court if it could have originally been brought to federal court. *See* 28 U.S.C. § 1441(a); *Peltier v. Peltier*, 548 F.2d 1083 (1st Cir.1977). Because there is no indication that federal jurisdiction could be invoked for diversity of citizenship, the Court shall determine

whether Plaintiff's Complaint "arises under" federal law under 28 U.S.C. § 1331.

Section 1331 of Title 28 states that, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This principle can best be summarized by stating that

> a case arises under federal law if it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or, if the plaintiff's cause of action is based on state law, a federal law that creates a cause of action is an essential component of the plaintiff's claim.

See ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.5 (2nd ed 1994).

 In the instant case, Plaintiffs allege in very superficial terms that on December 11, 1998 they were wrongfully and illegally dismissed by Defendant and seek relief under Puerto Rico law. Further, and more importantly for purposes of this discussion, Plaintiffs state that Defendant should be ordered to pay a sum for attorneys fees of "no less than 33⅓% of all items adjudicated in [their] favor ... in the present case, and ... any penalty, meaning violations to the laws applicable in cases of wrongful discharges, local and/or federal, alleging that in the present case the provisions of the federal W.A.R.M. [sic] Act were violated." (Pls' Compl. ¶ 10). It is clear from the face of the Complaint that Plaintiffs aver that because Defendant has allegedly violated several local and/or federal statutes, including the WARN Act, it should be ordered to pay a sum of 33⅓% for attorneys' fees and any penalty applicable under state or federal law.

As to Plaintiffs argument that removal in the instant case would frustrate the expeditiousness and quickness tied to the summary proceedings for labor claims under Law 2, such argument cannot defeat federal jurisdiction. *See Romero v. ITE Imperial Corp.*, 332 F.Supp. 523, 526 (D.Puerto Rico 1971). Therefore, the Court shall not stop short of exercising jurisdiction because state courts have a lighter docket than federal courts or can potentially adjudicate Plaintiffs' claims more quickly.

In view of the above discussion, the Court finds that Plaintiffs have brought claims which arise under the laws of the United States and therefore subject the instant claim under the WARN Act to the jurisdiction of this Court. Further, because 28 U.S.C. § 1441(c) is the removal equivalent of supplemental jurisdiction, the Court finds that all of the claims brought in state court are within the jurisdiction of this Court. *See* ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.5 (2nd ed 1994).

IT IS SO ORDERED.