UNITED STATES of America, Appellee,

v.

FRIEND'S STOCKYARD, INC.,
Appellant.

UNITED STATES of America, Appellee,

v.

GRANTSVILLE COMMUNITY SALE,
INC., a/k/a Grantsville Livestock
Auction, Inc., Appellant.

Nos. 78–1482, 78–1483.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1979.

Decided June 6, 1979.

Stephen M. Hearne, Baltimore, Md. (White, Mindel, Clarke & Hill, Towson, Md., on brief), for appellants.

Freddi Lipstein, App. Staff, Civ. Div., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., Leonard Schaitman, App. Staff, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

In two consolidated actions, the United States of America in 1975 sued each of two Maryland stockyards, Friend's Stockyard, Inc. and Grantsville Community Sale, Inc., for conversion as auctioneers of cattle of a Pennsylvania farmer, Larry W. Brant. In 1969 and 1971, he had executed Security Agreements—in effect chattel mortgages— upon the cattle to secure loans made to him by the Farmers Home Administration, pursuant to the Consolidated Farmers Home Administration Act of 1961, as amended. 7 U.S.C. § 1921 et seq. To perfect its liens on the cattle, F.H.A. filed the requisite Financing Statement in Pennsylvania, but none was recorded in Maryland.

The Agreement prohibited Brant from selling, removing or encumbering the cattle without the consent of the United States. Nevertheless, during 1971 and 1972, without such consent, he allowed the livestock to be delivered to the defendant stockyards for sale at public auction. Wholly unaware of the security interest of F.H.A. and acting exclusively as auctioneers, without claiming ownership, the two yards sold the livestock in Maryland in the normal course of business and remitted the net proceeds to Brant. In its complaints, the United States sought recovery of the amounts received from the sales of the animals. The contention of the auctioneers was that Maryland, not Federal, law applied and they were not guilty of either actual or constructive conversion under the jurisprudence of the State. Upon cross-motions for summary judgment, the District Court, on March 23, 1978, sustained the Government. *United States v. Friend's Stockyard, Inc.*, Nos. N–75–693, N–75–694 (D.Md. March 23, 1978). The defendant stockyards appeal.

*United States v. Kimbell Foods, Inc.*, —— U.S. ——, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) resolved the question in this case of whether Federal or State law controls by declaring that the law of the State in which the transaction occurred would be incorporated into the Federal law and, in that character, would govern. The trial court held that there was a general Federal doctrine applicable in these instances under which Federal law would prevail over the local law, thus giving preference to the United States. Alternatively, the District Court found that, if applied, Maryland law would also give the United States precedence in its claim because there was an actual conversion of the cattle.

On either basis, the District Judge reached the correct result but, in light of *Kimbell*, for wrong or insufficient reasons. Upon the unquestioned facts related in the Memorandum Opinion of the Judge, the State law, alternatively applied, is clothed with a Federal cloak and the judgment on appeal is

Affirmed.