UNITED STATES of America, Plaintiff,

v.

HAVILAND AGRICULTURAL CHEMICAL COMPANY, Defendant.

No. G77–439.

United States District Court, W. D. Michigan, S. D.

March 13, 1980.

James S. Brady, U. S. Atty. by Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., for plaintiff.

Thomas J. Mulder, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for defendant.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

The parties are before this Court on defendant Haviland Agricultural Chemical Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that plaintiff's complaint is barred by the Michigan Statute of Limitations.

This action was brought by the United States Department of Agriculture Farmers Home Administration alleging conversion of proceeds from a public auction sale of farm machinery. Farmers Home Administration claims it held a security interest under the provisions of the Michigan Uniform Commercial Code. However, the defendant claims the security interest was not perfected.

In an action brought by an agency of the United States, 28 U.S.C. § 1345 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress.

■ The defendant contends the Michigan Statute of Limitations is applicable in the case before this Court. This suggestion is unfounded as actions by the United States are governed by a general statute of limitations, 28 U.S.C. § 2415. *See United States v. John Hancock Mutual Life Insurance Co., et al.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960).

Title 28 U.S.C. § 2415 provides in part that contract actions must be instituted within six years and tort actions within three years. An exception to the three year bar is stated specifically in 28 U.S.C. § 2415(b) which provides: "an action for conversion of property of the United States may be brought within six years after the right of actions accrues . . ." The question then becomes whether this cause of action involves a tort or whether the complaint states a cause of action for conversion of property of the United States.

■ An action for conversion has been stated by the plaintiff, specifically as follows:

¶ 10. On or about January 26, 1974 the aforesaid Irving Salow turned over $1,706.94 of the sale proceeds unlawfully to the defendant. Thereby defendant converted to its own use property belonging to plaintiff.

Relying on *United States v. Squires*, 378 F.Supp. 798 (S.D.Iowa, C.D., 1974), this Court concludes that the lien interest, whether perfected or not, is a property interest of the United States. In addition, the Court concludes that conversion of a lien interest is subject to the above-stated provisions of 28 U.S.C. § 2415, providing for a six year statute of limitations.

In its choice of the applicable federal rule in this case, this Court's intended purpose is uniformity of substantive law. If state law were applied in determining the appropriate statute of limitations in such a case, the United States would be subject to differing results in other states concerning identical lien interests. *See Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). The provisions of 28 U.S.C. § 2415(b) provide for this desired uniformity.

In addition, in *United States v. Burnette-Carter Company*, 575 F.2d 587 (6th Cir. 1978), the Sixth Circuit decided to fashion a uniform federal rule in Farm Home Administration security interest cases. The Court adopted the reasoning of the Fifth Circuit in *United States v. Hext*, 444 F.2d 804 (5th Cir. 1971) held that the Uniform Commercial Code should be adopted as the relevant federal common law involving security interests held by the Farmers Home Administration.

Therefore, based on the statutes and case law discussed above, defendant's motion for summary judgment is hereby denied.

IT IS SO ORDERED.