UNITED STATES of America

v.

CHESLEY'S SALES, INC.

Civ. A. No. 81–55 ERIE.

United States District Court,
W. D. Pennsylvania.

Oct. 14, 1981.

John Garhart, Asst. U. S. Atty., Erie, Pa., for plaintiff.

Michael T. Joyce, North East, Pa., for defendant.

MEMORANDUM ORDER

WEBER, Chief Judge.

The parties by cross-motions for summary judgment have raised issues regarding the law applicable to a suit by the government against an auctioneer for the conversion of livestock subject to security agreements for FHA loans. No material issue of fact exists and these motions are ripe for disposition.

Plaintiff through the Farmers Home Administration, United States Department of Agriculture, made loans to Paul Messenger of Spring Creek, Pa., in amounts of $27,400, $14,000, and $11,500. Messenger executed promissory notes and plaintiff filed UCC Financing Statements. The security agreements held by plaintiff cover all livestock, including substitutions and later additions, and require Messenger not to sell, remove, or encumber the property subject to the agreement without plaintiff's consent.

Defendant corporation is engaged in the auction sale business. On November 6, 1978, December 4, 1978, and February 12, 1979, defendant acted as agent for Messenger in selling at auction three cows subject to the security agreements. Plaintiff filed this suit against defendant on March 13, 1981 for the value of the three cows.

Defendant seeks summary judgment on the grounds that plaintiff's action is time barred by the two-year limitation of 42 Pa.C.S.A. § 5524(3). However, an action by the United States for conversion of Government property is controlled by 28 U.S.C.

§ 2415(b), which provides a six-year limitation. There is no dispute that this action was commenced after expiration of the two-year limitation, but is within the six-year limitation if it is applicable. Plaintiff's security interest in the livestock constitutes property of the United States and invokes the six-year limitation. *United States v. Haviland Agricultural Chemical Co.*, 489 F.Supp. 42 (W.D.Mich.1980); *United States v. Squires*, 378 F.Supp. 798 (S.D. Iowa, 1974); *United States v. Southland Provision Co.*, 320 F.Supp. 1089 (M.D.Fla. 1970). Accordingly we deny defendant's motion for summary judgment on the statute of limitations defense.

Any question as to whether state or federal substantive law applies to this action, and what constitutes that law, was settled by *United States v. Kimball Food, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). The court held that in proceedings to recover on federal loan programs, including the FHA, federal common law would apply. Furthermore, the court held that state law would be adopted as the federal common law unless discriminatory. See also, *United States v. Friend's Stockyard Inc.*, 600 F.2d 9 (4th Cir. 1979). The applicable state law in this matter would be the Pennsylvania Uniform Commercial Code (UCC), 13 Pa.C.S.A. § 1101 *et seq.* and it will be adopted as the federal common law governing this action.

It is clear that an auctioneer who arranges the sale of livestock subject to a security agreement on a federal loan is liable in conversion to the United States for the market value of the property at the time of conversion. *United States v. Sommerville*, 211 F.Supp. 843 (W.D.Pa.1962), aff'd. on different grounds, 324 F.2d 712 (3d Cir. 1963); *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944 (D.C.N. D.1975). Defendant concedes liability under 13 Pa.C.S.A. § 9307, recognizing that good faith and lack of notice of the security interest are of no defense. *Sommerville*, 324 F.2d at 717–18.

Defendant takes the position that this case should not be characterized as a sale of property subject to a security interest with cash proceeds delivered to the debtor, thereby defeating the security interest. Rather defendant asserts it is actually a situation involving the substituted collateral, where the collateral is replaced with similar property which maintains or even improves plaintiff's security interest. We question whether this distinction affects an auctioneer's liability for conversion but we need not address the issue because the undisputed facts places defendant squarely in the former position.

On each of three dates, November 6, 1978, December 4, 1978, and February 12, 1979, defendant sold for debtor one of debtor's cows. These are the three cows and sales sued upon in this action. On February 20, 1979, defendant sold a number of cows for debtor, who on the same day purchased 7 cows from defendant. Defendant contends the cows purchased by debtor on February 20, 1979, were substitution for the collateral sold over the prior four months in unauthorized sales, and plaintiff not being damaged cannot seek recovery from the defendant.

Conversion in this case is premised on the allegation that defendant's conduct impaired or interfered with the government's security interest. *Sommerville*, 324 F.2d at 719. The security agreement specification prohibits the sale, encumbrance or other disposition of the collateral by the debtor or any other person without the prior written consent of the plaintiff. The conduct of defendant in selling collateral tendered to him by the debtor violated the agreement. Plaintiff was without this security for some period of time, up to 3½ months on the initial sale. This was a significant interference with plaintiff's security interest. In addition the facts reject defendant's contention that subsequent purchases were in effect substitute collateral. If the cows bought from defendant by debtor on February 20, 1979, were proceeds of a sale and in effect substitute collateral, they were the proceeds of the sale of debtor's cattle made that same day, a sale which did not involve any of the cows listed in this action. The

violation of the express terms of the agreement and the effect of depriving plaintiff of its security for a period of time constitutes conversion.

For the reasons set forth above, defendant's motion for summary judgment on the statutes of limitations and liability is hereby denied.

Plaintiff shall file a Pretrial Statement on the remaining factual issues *on or before November 2, 1981*; Defendant shall file its statement *on or before November 10, 1981,* and a *Pretrial Conference* will be held on *Friday, November 13, 1981, at 3:30 p. m.*