UNITED STATES of America, Plaintiff,

v.

BAILEY FEED MILL, INC., Defendant.

No. 83–112–CIV–8.

United States District Court, E.D. North Carolina, Raleigh Division.

July 26, 1984.

---

Rudolf A. Renfer, Jr. Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

L. H. Gibbons, Carr, Gibbons, Cozart & Jones, Wilson, N.C., for defendant.

## MEMORANDUM OPINION

BRITT, Chief Judge.

The United States of America brings this action to recover the net value of soybeans purchased by defendant Bailey Feed Mill, Inc., from Dillon R. Stalls. The government alleges that it had on file a financing statement covering the soybeans and that Stalls had executed and delivered to it several promissory notes and security agreements covering all crops on his farm. Jurisdiction is premised on 28 U.S.C. § 1345. Pending before the Court are cross motions for summary judgment. Fed.R.Civ.P. 56(c). The matter has been briefed and is now ripe for determination.

Specifically, the government contends that defendant is indebted to it in the amount of approximately $8,600. In response, defendant argues that the security interest which the government held in the soybeans terminated no later than eighteen months after the sale. For statutory authority, defendant relies upon N.C.Gen. Stat. § 44–69.1, which provides: "No chattel mortgage, agricultural lien or other lien of any nature upon ... soybeans ... shall be effective for any purpose for a longer period than 18 months from the date of sale or the date of delivery to the purchaser, whichever date shall fall last." This provision is excluded from Article 9 of the Uniform Commercial Code. N.C.Gen.Stat. § 25–9–104 (Supp.1983); *see also* R. Lee, *Liens on Personal Property not Governed by the Uniform Commercial Code*, 44 N.C.L.Rev. 322, 355 (1966).

Both parties agree that defendant purchased soybeans from the government's debtor Stalls during October and November of 1981 and that delivery occurred on the date of each purchase. Defendant also contends that the government's first demand for the proceeds was made by letter dated 22 July 1983, although it is not sworn and subscribed to. In any event, the complaint was not filed until 20 December 1983, and the government does not dispute any of these dates in its pleadings or memoranda of law. *See* Fed.R.Civ.P. 56(e). Thus, if section 44–69.1 controls in this instance, the eighteen-month effectiveness of the agricultural lien has expired. The government contends that it nevertheless retained a perfected security interest in the 1981 Stalls' soybean crop and that conversion actions by the United States are governed by a six-year statute of limitations, 28 U.S.C. § 2415(b).

It is true that an action brought by the United States to recover damages for conversion of property is governed by the six-year statute of limitations contained in 28 U.S.C. § 2415(b) and not by similar statutes provided by state law. *United States v. Chesley's Sales, Inc.,* 523 F.Supp. 528, 529 (W.D.Pa.1981). However, N.C. Gen.Stat. § 44.69.1 specifically controls the legal duration of an agricultural lien upon soybeans under state substantive law and is not a statute of limitations. It has long since been settled that actions to recover on federal loan programs are controlled by federal common law and that state law is adopted as the federal common law unless it is found to be discriminatory. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979); *United States v. Friend's Stockyard, Inc.,* 600 F.2d 9 (4th Cir.1979) (per curiam). In this regard, N.C.Gen.Stat. § 44–69.1 is far from discriminatory and provides an effective mechanism for resolution of disputes concerning perishable, agricultural commodities.

An order will issue allowing defendant's motion for summary judgment and dismissing this action.