**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Penn Square Bank, N.A., Plaintiff,**

v.

**HAINES PIPELINE CONSTRUCTION, INC., an Oklahoma corporation, et al., Defendant.**

**No. Civ–85–1564–T.**

United States District Court, W.D. Oklahoma.

Sept. 11, 1985.

Robert J. Westbrook, Oklahoma City, Okla., for plaintiff.

Michael W. Mitchell, Donald R. Liles, Woodward, Okla., Robert S. Payne, Payne & Payne, Oklahoma City, Okla., for defendant.

ORDER

BACKGROUND

RALPH G. THOMPSON, District Judge.

In this action the FDIC, as receiver for Penn Square Bank, is suing the makers and guarantors of a note to Penn Square. The FDIC is also suing Union Bank and Trust Company, another creditor of the defendant, because Union Bank and Penn Square held competing security interests in the same collateral. The security given for the Penn Square note and also pledged to Union Bank was the proceeds from the borrower's construction contracts with a New Mexico utilities company. Apparently, the borrower paid the contract proceeds to Union Bank in discharge of his debt there and did not satisfy his obligations to Penn Square.

Union Bank has moved for dismissal or summary judgment on grounds that the FDIC has failed to state a claim, and, alternatively, that any claim for conversion is barred by Oklahoma's two year limitation statute.

Movant correctly notes that the FDIC has not articulated its theories of recovery against Union Bank. The complaint merely alleges that the FDIC is entitled to first priority creditor status on the contract proceeds; that Union Bank refused to turn over to the FDIC the proceeds of the debtor's contracts; and that "the FDIC is entitled to an order directing Union Bank to deliver to the FDIC the proceeds of a contract." Based on these allegations, the FDIC urges a constructive trust theory as well as conversion. Union Bank maintains that there could be no constructive trust because there was no fiduciary relationship, privity or contractual basis for liability between the competing banks, although it concedes that the FDIC may have a "technically ... proper cause of action" for conversion (Union Bank's Supplemental Brief, August 21, 1985, at 2).

Union's statement of undisputed facts concedes that its loan was repaid in full on November 2, 1982 and that the FDIC demanded payment from Union on May 22, 1983. FDIC's factual allegations, which this Court must view in their most favorable light and accept as true for purposes of this motion, are that Penn Square's note and guaranties were executed prior to Union Bank's loan and that Penn Square's security interest in the contract proceeds was perfected through filing prior to Union Bank's interest. We note from the record that FDIC filed the instant suit on June 14, 1985, which is more than two years after it demanded payment from Union and more than two years after it perfected its security interest.

## CONVERSION

Union Bank asserts that the pertinent limitations statute is 12 O.S. § 95, Oklahoma's two-year limitations period for conversion actions of personal property. Since the receiver knew of Union's competing security interest for more than two years before filing suit, Union asserts that § 95 bars this action.

Very recently, the Tenth Circuit held that the six-year federal limitations statute contained in 28 U.S.C. § 2415(a) applies to collection suits brought by the FDIC as a receiver of an insolvent national bank. *FDIC v. Petersen, et al.*, 770 F.2d 141 (10th Cir.1985). Subsection (b) of that same statute, 28 U.S.C. § 2415(b), relates to actions in tort and provides:

> ... every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: *provided*, that ... an action for conversion of property of the United States may be brought within six years after the right of action accrues.

■ This Court has found that the FDIC as receiver for Penn Square Bank is a federal agency for tort claims purposes (*Morris v. Penn Square Bank*, No. CIV–84–1664–W, (W.D.Okla., May 31, 1985); accord, *FDIC v. Citizens Bank and Trust Company*, 592 F.2d 364 (7th Cir.1979). This Court now finds, in light of *FDIC v. Petersen*, that 28 U.S.C. § 2415(b) and the six year federal limitations period applies to the receiver's action for conversion based on claims owned by an insolvent national bank. (*See U.S. v. Haviland Agricultural Chemical Co.*, 489 F.Supp. 42 (W.D.Mich.1980)) (six-year period under § 2415(b) applied to Farmers Home Administration conversion claim against competing security holder.) Accordingly, to the extent that the receiver's claims sound in tort for conversion, they are not time barred.

## CONSTRUCTIVE TRUST

The FDIC asserts that a constructive trust should be imposed on the proceeds of the borrower's contract that served as collateral. The FDIC bases its position on Oklahoma case law recognizing a constructive trust when it would be "inequitable" for a party to retain property acquired "by fraud or by violation of confidential or fiduciary relations or any other unconscionable manner." *Peyton v. McCaslin*, 417 P.2d 316 (Okla.1966). In the receiver's view, its

earlier recorded security interest in the collateral constituted notice to Union Bank of Penn Square's superior security interest, and therefore it would be "inequitable" for Union to retain the collateral proceeds.

■ While Oklahoma case law embraces a broad equitable approach to constructive trusts (*Easterling v. Ferris*, 651 P.2d 677, Okla.1982), the Tenth Circuit imposes a stricter requirement. In *Baum v. Great Western Cities, Inc. of New Mexico*, 703 F.2d 1197, 1212 (10th Cir.1983) the court stated that "constructive fraud arises only when there exists a special confidential or fiduciary relation between the parties to a transaction or contract." The plaintiff bears a heavy burden in proving a constructive trust (*Guarantee Reserve Life Insurance Co. v. Hardin*, 404 F.Supp. 961, 963 (W.D.Okla., 1974)).

■ It is settled doctrine that "if the law affords a remedy and that remedy is adequate, the cause may not be made the basis of a suit in equity." *Sun Oil Co. v. Fleming*, 469 F.2d 211 (10th Cir., 1972). *Accord, Goadby v. Philadelphia Electric Co.*, 639 F.2d 117 (3d Cir., 1981). Absent a fiduciary relationship or a more compelling fact situation, the Court will not apply an equitable theory to this secured transaction case involving a commercial loan when the conversion remedy is available and appears to be adequate.

### CONCLUSION

Union Bank's motion to dismiss the complaint on limitations grounds is denied. Union Bank's motion to dismiss the complaint for failure to state a claim for conversion is denied. However, Union Bank's motion to dismiss the equitable trust theory is granted.