**RAUSCHER PIERCE REFSNES, INC.,**
Plaintiff-Appellee,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
Defendant-Appellant.

No. 85–1734.

United States Court of Appeals,
Fifth Circuit.

May 9, 1986.

Kemp, Smith, Duncan & Hammond, E. Link Beck, Mark N. Osborn, El Paso, Tex., for defendant-appellant.

Carrington, Coleman, Sloman & Blumenthal, William B. Dawson, Susan Cass Marks, Dallas, Tex., for plaintiff-appellee.

---

* District Judge of the Western District of Louisiana, sitting by designation.

Before JOLLY and HILL, Circuit Judges, and EDWIN F. HUNTER, Jr.,* District Judge.

OPINION

EDWIN F. HUNTER, Jr., District Judge:

In this case, we must decide whether the Federal Deposit Insurance Corporation (FDIC) is a government agency so that the sixty-day period for filing answers applies instead of the usual twenty-day period. The district court answered in the negative, and entered a default judgment against the FDIC because it had not filed its answer within the twenty days of service of the complaint. The Federal Rules of Civil Procedure require that if the defendant is the United States or an officer or agency of the United States, an answer shall be filed "... within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted." Fed.R.Civ.P. 12(a). Our review of statutory law, case law and the functioning, financing, and management of the FDIC convinces us that it is an agency of the United States as that term is used in Rule 12(a) and defined in 28 U.S.C. 451, and it therefore had 60 days after service to file an answer. The answer was filed within that period. The entry of a judgment by default was error. The district court's judgment must be REVERSED.

I. TEST TO BE UTILIZED IN DETERMINING WHETHER THE FDIC IS AN AGENCY OF THE UNITED STATES

There is no case on point which specifically addresses the precise issue presented. There are cases which deal with analogous issues.

The Ninth Circuit had to resolve the issue of whether the Federal Savings and Loan Insurance Corporation ("FSLIC") was

an "agency" as that term is defined in 28 U.S.C. § 451 and 1345. *Acron Investments, Inc. v. Federal Savings and Loan Insurance Corporation,* 363 F.2d 236 (9th Cir.1966), *cert. denied,* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). The court noted initially that:

> The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such was intended to be used in a more limited sense.

28 U.S.C. § 451. Appellee contended that the phrase "in which the United States has a proprietary interest" had to mean that the United States must own more than 50% of the stock outstanding in the corporation. The Ninth Circuit emphatically rejected this argument, noting that when the interest of the United States is more than incidental or custodial the corporation meets the definition of agency as contained in Section 451. *Acron Investments, Inc. v. Federal Savings and Loan Insurance Corporation, supra* at 240. Faced with a similar jurisdictional point in a subsequent case, this circuit relied and expanded upon the analysis provided by the Ninth Circuit.

In *Government National Mortgage Corporation v. Terry,* 608 F.2d 614 (5th Cir. 1979), we had to determine whether the Government National Mortgage Association ("GNMA") was an "agency" for purposes of 28 U.S.C. § 1345 and thus able to sue as a plaintiff in federal district court. To resolve the uncertainties, the court explored the "proprietary interest" requirement of Section 451. Because GNMA was a government corporation in which stock had not been issued, focus was shifted to indicia other than stock ownership to decide whether the interest of the United States in

GNMA was more than incidental or custodial. The *Terry* court, after a careful examination of the history of the functions, financing, and management of Ginnie Mae and other members of that family tree, concluded that the United States did possess a proprietary interest in those entities sufficient to qualify as a government agency within the meaning of 28 U.S.C. 451. *Governmental National Mortgage Association v. Terry, supra* at 618, 620. We must address the issue currently before the court within the framework of analysis provided by these decisions.[1] This analysis clearly indicates that the Federal Deposit Insurance Corporation is an agency of the United States for purposes of Title 28 of the United States Code and thus Rule 12 of the Federal Rules of Civil Procedure.

## II.  THE FUNCTION AND OPERATION OF THE FDIC

Literally since the formation of the government of the United States, a strong national currency and a safe and sound banking system have been the keys to stability of the nation. Absent the achievement of these goals, any nation's lifespan will be shortlived. The need to maintain a strong currency and banking system finally became so critical that the United States government developed over a period of years a comprehensive plan for economic regulation. This plan in part was generated by a plague of bank failures that affected the entire nation throughout the early years of the history of the United States. Several significant measures, including the creation of the Office of the Comptroller of the Currency and the Federal Reserve System, helped to alleviate the problem. But even as late as 1929, it became clear that the United States would have to initiate greater control to stabilize the nation's banks.

---

**1.**  As noted by the court in both *Acron* and *Terry,* the revisers' notes to section 451 direct attention to 18 U.S.C. 6 as a means to interpret the term "agency". The reviser's note to 18 U.S.C. 6 informs us of the following:

> The phrase "corporation in which the United States has a proprietary interest" is intended to include those governmental corporations in which stock is not actually issued, as well as those in which stock is owned by the United States. It excludes those corporations in which the interest of the Government is custodial or incidental. 80th Congress House Report No. 304.

The stock market crash of 1929 and the Great Depression of 1930 focused the attention of Congress upon the need for a solid means of regulation in insuring the nation's banking system. Congress established the Federal Deposit Insurance Corporation in 1933 as part of a system to restore public confidence and to safeguard bank deposits through a comprehensive deposit insurance program sponsored and regulated by the national government. *FAIC Securities, Inc. v. United States*, 768 F.2d 352, 354 (D.C.Cir.1985); Randall, *The Federal Deposit Insurance Corporation; Regulatory Functions and Philosophy*, 31 LAW & CONTEMPORARY PROBLEMS 696, 698 (1966) (hereinafter "Randall, *Regulatory Functions and Philosophy* ".)

The role of the FDIC is to regulate banking practices and provide deposit insurance coverage. Although deposit insurance coverage is a function that ostensibly could be handled by private enterprise, the United States also wanted to and did direct the FDIC to protect the public interest in the banking system in the United States. *See*, Randall, *Regulatory Functions and Philosophy* at 699; Skillern, *Federal Deposit Insurance Corporation and the Failed Bank: The Past Decade (Part 1)*, 99 BANKING LAW JOURNAL 233 (1982) (hereinafter referred to as "Skillern, *FDIC and the Failed Bank* (Part I)"). The function of the FDIC is to help maintain the system by providing regulatory supervision over banks which it insures and by providing deposit insurance on a consistent nationwide basis. In this manner, the United States acts through the FDIC to achieve the government's goals of providing a safe and sound banking system to foster a healthy economic environment.

When faced with a potential troublesome bank, the FDIC, by Congressional authority, is not limited merely to allowing the bank to fail, paying the depositors their insured amounts and liquidating the remaining assets. Prior to the declaration of insolvency, the FDIC may conduct an examination of the bank. It may issue cease and desist orders to prevent shoddy banking practices, and it may render direct financial assistance to the troubled bank. 12 U.S.C. § 1823(c).

In recognition of the important governmental functions it performs, the Federal Courts have been quick to recognize the FDIC as an agency of the United States in order to provide it with additional protections. For instance, it is now undisputed that the FDIC is not subject to the individual state's statute of limitations. The relevant statute of limitations which applies to the United States provides in part that "every action for money damages brought by the United States or an officer or agency thereof ... shall be barred unless the complaint is filed within six years ..." 28 U.S.C. § 2415(a). This statute of limitations applies to the FDIC. *Federal Deposit Insurance Corporation v. Petersen*, 770 F.2d 141 (10th Cir.1985); *Federal Deposit Insurance Corporation v. Haines Pipeline Construction, Inc.*, 617 F.Supp. 61 (W.D.Okla.1985); and *Federal Deposit Insurance Corporation v. Marco Discount House, Inc.*, 575 F.Supp. 730 (D.P.R. 2983).

Finally, it is clear that the FDIC in acting in its Corporate capacity is entitled to the benefit of application of the Federal Tort Claims Act. *See Safeway Portland Employees' Federal Credit Union v. Federal Deposit Insurance Corporation*, 506 F.2d 1213 (9th Cir.1974).

## III. MANAGEMENT OF THE FDIC

The FDIC is managed by a board of directors consisting of three members, one of whom is the Comptroller of the Currency and two of whom are United States citizens appointed by the President with the advice and consent of the Senate. 12 U.S.C. § 1812. Except to the extent that authority has been granted to "any other regulatory agency", the board of directors may issue such rules and regulations as are necessary to perform the regulation of the nation's banking system. 12 U.S.C. § 1819. The board of directors of the FDIC operates without direct supervision of any cabinet member. With respect to

the use of corporation monies, however, the board of directors is subject to some control from the Executive Branch.

By statute, money of the corporation not otherwise employed must be invested in obligations of the United States or in obligations guaranteed as to interest and principal by the United States. 12 U.S.C. § 1823(a). The Secretary of Treasury must approve any purchase or sales of any obligation for the FDIC's account in excess of $100,000; the Secretary of Treasury may choose to waive the necessity for this approval. 12 U.S.C. § 1823(a). The FDIC's banking or checking account must be with the Treasurer of the United States or with a Federal Reserve Bank with the approval of the Secretary of the Treasury. 12 U.S.C. § 1823(b). Again, the Secretary of the Treasury has the authority to waive the requirement of his approval under conditions that he may prescribe. 12 U.S.C. § 1823(b).

Although not subject to direct supervisory control from the Executive Branch, the FDIC's Board of Directors are appointed by the President with the Comptroller of the Currency serving on the Board. Management of the FDIC ultimately is under the indirect control of the Executive Branch and is inextricably intertwined in the federal government.

## CONCLUSION

Our government has for many years recognized the importance of establishing the stability of and confidence in the nation's banking system. It has sought to obtain this goal by acting through one of its federal agencies, the Federal Deposit Insurance Corporation. The United States Courts have been quick to recognize this fact and have provided the FDIC with governmental protections to aid it in its functioning. These protections include benefit of the application of the Federal Tort Claims Act, benefit of the application of the federal statute of limitations, benefit of the application of federal common law, and benefit of several defenses derived through federal

common law not available to the FDIC pursuant to state law.

The interest of the United States government in the FDIC is significant and critical. In no way can the interest of the United States in the FDIC be termed as "incidental." The sixty day time period within which to answer is an additional protection that obviously should be afforded the FDIC in discharging its statutory duties. In the absence of such protection, the functioning of the United States through the FDIC could severely be impaired. Clearly the FDIC is and should be an agency of the United States government as that term is defined in Rule 12(a) of the Federal Rules of Civil Procedure.

The Order Overruling FDIC's Motion to Set Aside Default Judgment is reversed. The Judgment by Default entered by the District Court is set aside.

**REVERSED AND REMANDED.**