813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellant,
v.
COTTON GROWERS WAREHOUSE, INC., Appellee.
 No. 86-1513.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1986.
Decided Oct. 14, 1986.
 
 Before WIDENER, HALL and MURNAGHAN, Circuit Judges.
 H. Robert Showers, Assistant United States Attorney (Samuel T. Currin, United States Attorney, on brief), for appellant.
 John J. Butler; William H. McCullough (Sanford, Adams, McCullough & Beard, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The Farmers Home Administration ("FmHA") sued the Cotton Growers Warehouse, Inc. ("Co-op"), a farmers co-op, for conversion of a security interest in certain bails of cotton, held for loans made in 1978, 1979 and 1980. The suit was filed 4- 1/2 years after the sale of the cotton to the Co-op, and the Co-op set up as its defense a North Carolina statute limiting the duration of liens on certain agricultural products to eighteen months after the cause of action accrued. The district court dismissed the case, despite arguments by the FmHA that federal law (the six year statute of limitation in 28 U.S.C. Sec. 2415(b) ) should govern. Because the cause of action for conversion accrued immediately at the point of sale of the cotton, and the suit was brought within six years of the sale, we conclude that the decision of the district court was in error, and we reverse.
 
 
 2
 The FmHA made loans to a farm family, Milton and Shirley Johnson, in 1978, 1979 and 1980. As security for the loans, the FmHA took an interest in their cotton crop. The FmHA duly registered the security agreements to perfect the interests. In 1980, without the FmHA's knowledge, the Johnsons sold the 1980 cotton crop to the Co-op for $3,754.69 and kept the proceeds. The Johnsons subsequently defaulted on the notes. The FmHA sought the proceeds of the sale from the Johnsons, but failed. After notifying the Co-op of its interest in the cotton in 1981 and 1983, the FmHA filed suit against the Co-op for conversion of the cotton.
 
 
 3
 The Cotton Growers filed a motion to dismiss, or in the alternative, for summary judgment, setting up as its prime argument N.C.Gen.Stat. Sec. 44-69.1, a state statute which controls the duration of agricultural liens on certain crops. The statute provides that:
 
 
 4
 No chattel mortgage, agricultural lien or lien of any nature upon ... cotton ... shall be effective for any purpose for a longer period than 18 months from the date of sale....
 
 
 5
 The district court granted the Co-op's motion to dismiss, finding that the action was barred by the statute and describing the statute a "statute of limitations." A significant difficulty with the case is that in a prior decision, United States v. Bailey Feed Mill, Inc., 592 F.Supp. 844 (E.D.N.C.1984), Judge Britt (then Chief Judge) referred to the same statute as a "state substantive law."
 
 
 6
 ... N.C.Gen.Stat. Sec. 44-69.1 specifically controls the legal duration of an agricultural lien upon [agriculture products] under state substantive law, and is not a statute of limitations.
 
 
 7
 592 F.Supp. at 846.
 
 
 8
 The FmHA has appealed, arguing that suit on the cause of action for conversion is governed by the federal statute of limitations, 28 U.S.C. Sec. 2415(b).
 
 
 9
 The Supreme Court has consistently held that federal law governs the rights of the United States arising under nationwide federal programs. Clearfield Trust Co. v. United States, 318 U.S. 363 (1943).
 
 
 10
 When the United States disburses its funds or pays its debts, it is exercising a constitutional function.... The duties imposed upon the United States and the right acquired by it ... find their roots in [the Constitution and the laws of the United States].
 
 
 11
 318 U.S. 366-67 (footnotes omitted). Even where there is no federal statute on point, the federal courts may fashion a governing rule of law in order to effectuate the federal program. United States v. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979).
 
 
 12
 For the purpose of deciding the instant case, however, we need look no further than Title 28, U.S.Code Sec. 2415(b) (1985), which provides a federal, national statute of limitations for the United States to file a claim for conversion. The statute allows that "an action for conversion of property of the United States may be brought within six years after the right of action accrues...." In the instant case, the right of action accrued at the date of sale in 1980 because the conversion, if any, of the United States' interest in the cotton happened at the point of sale. The FmHA filed suit for conversion against the Co-op on July 31, 1985, well within the six year period allowed by the federal statute of limitations.
 
 
 13
 The North Carolina statute, raised as a defense by the Co-op and made the basis for dismissing the case by the district court, is of no effect. The district judge characterized the statute as a "statute of limitations." If this is so, there can be no question but that the federal rule governs rather than that of the state. The federal courts have consistently held that state statutes of limitation are not binding on the United States where a federal statute mandates a different limitation period. United States v. Summerlin, 310 U.S. 414, 416 (1940).
 
 
 14
 The Co-op argues, however, that G.S.N.C. 44-69.1 is not a statute of limitation, but is instead a rule of substantive law, governing the duration of agricultural liens; in the Co-op's view, the district court's language was merely an unfortunate choice of words. The Co-op points to United States v. Bailey Feed Mill, Inc., 592 F.Supp. 844, 846 (E.D.N.C.1984), also written by Judge Britt, which held quite specifically that the statute is a rule of substantive law and is not a statute of limitation. The Co-op seeks to avoid the generous reach of the federal statute of limitation by arguing that the eighteen month limitation on duration of agricultural liens should be adopted as a matter of federal common law, to defeat the suit by the FmHA, and to bring the duration of federal substantive rights into line with others in the state.
 
 
 15
 The Co-op's argument, though attractive, has no bearing on the cause of action for conversion. The tort of conversion is defined in North Carolina as
 
 
 16
 an unauthorized assumption of the right to ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.
 
 
 17
 Peed v. Burleson's, Inc., 244 N.C. 437, 94 S.E.2d 351 (1956). To show ownership, plaintiff need only demonstrate that he was entitled to immediate possession at the time of conversion. See Restatement (2d) of Torts Sec. 225 & Comment d. Thus on the date of sale, the Co-op asserted control over cotton in which the FmHA had a perfected security interest, the security interest entitling the FmHA to immediate possession. The FmHA's right to recover became fixed at the point of sale and could not be affected by substantive changes in the lien at a later date. The only bar to suit, then, would be the federal statute of limitation, which has been satisfied.
 
 
 18
 We therefore reverse and remand for further proceedings consistent with this opinion.
 
 
 19
 REVERSED AND REMANDED.