Dear Representative Pilgrim,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Is the deed or instrument transferring real property from theFederal Deposit Insurance Corporation (F.D.I.C.), while inpossession and control of a failed bank's assets, exempt from theimposition of the Documentary Stamp Tax under 68 O.S. 5101(1990) et seq.?
2. Is the Documentary Stamp Tax required to be paid by theF.D.I.C. out of the failed bank's assets as a necessary fee orother expense incurred while in possession of a bank during itsreorganization or liquidation under 6 O.S. 1202(F) (1990)?
¶ 1 The first question is a fairly broad question involving the F.D.I.C. as grantor and several potential parties as grantees. The second question only arises in the very specific instance where the State Banking Commissioner has appointed the F.D.I.C. to reorganize or liquidate the assets of a failed state bank under 6 O.S. 1205 (1990).
¶ 2 Whether the Documentary Stamp Tax is imposed at all must be determined in each case. For 68 O.S. 5101 to apply, the conveyance evidenced by the deed or other instrument must meet the requirements set out in 68 O.S. 5101(A), 68 O.S. 5101(B) and 68 O.S. 5101(C). For the purposes of this opinion, we are assuming that such requirements are met and 68 O.S. 5101
applies.
¶ 3 Title 68 O.S. 5101 (1990) imposes the tax and reads in pertinent part at subsection A:
 A tax is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons .
¶ 4 Title 68 O.S. 5102 (1990) sets out the documents which are specifically exempted from the imposition of the tax. Subsection 12 of 68 O.S. 5102 states:
 The tax imposed by 68 O.S. 5101 of this title shall not apply to:
* * *
 12. Deeds or instruments to which the United States or any of its agencies or departments is a party, whether as grantor or as grantee or in any other capacity, provided that this shall not exempt transfers to or from national banks or federal savings and loan associations[.]
¶ 5 The exemptions listed in 68 O.S. 5102 are exempt documents evidencing certain transactions to which the imposition of the tax does not apply. The list of exemptions is not a list of exempt parties. When the document is exempt from imposition of the tax neither party to the document is obligated to pay the Documentary Stamp Tax. A.G. Opin. No. 73-283. This opinion analyzed the exemption at 68 O.S. 5102(11), which exempts "deeds or instruments to which the State of Oklahoma or any of its instrumentalities, agencies or subdivisions is a party, whether as grantee or grantor." As stated in that opinion a Certificate of Purchase between the State and the purchaser is not subject to the Documentary Stamp Tax.
 I.
¶ 6 The answer to your first question is determined by examining the meaning of the exemption found at subsection 12 of68 O.S. 5102. To determine whether this exemption applies we must determine 1) whether the F.D.I.C. is an agency or department of the United States, and 2) the impact of the language "provided that this shall not exempt transfers to or from national banks or federal savings and loan associations." ¶ 7 First, "Is the F.D.I.C. an agency or department of the United States?" There is no case on point which specifically addresses whether the F.D.I.C. is an agency of the United States for purposes of 68O.S. 5102(12). However, the F.D.I.C., as well as the F.S.L.I.C., has been held to be an agency of the United States, as that term is defined in 28 U.S.C.A. 451, 1345 and 1346 (1982), for jurisdictional and procedural purposes. See, Rauscher PierceRefsnes, Inc. v. F.D.I.C., 789 F.2d 313 (5th Cir. 1986) andAcron Investments, Inc. v. F.S.L.I.C., 363 F.2d 236 (9th Cir. 1966). The rationale in those cases would seem equally applicable to the determination of the question at hand. Therefore, for the purposes of the exemption found at 68 O.S. 5102(12), the F.D.I.C. is an agency of the United States.
¶ 8 Since the F.D.I.C. is an agency of the United States, we must determine the meaning of the last part of 68 O.S. 5102(12) which reads "provided that this shall not exempt transfers to or from national banks or federal savings and loan associations." Two interpretations of this language are readily apparent. The language could be an exception to the exemption. Under this interpretation any deed or instrument to which the F.D.I.C. is a party, in any capacity, would be exempt from the tax except where the transfer evidenced by the deed or instrument, is to or from a national bank or federal savings and loan. The tax imposed on this type of transfer would be paid by the grantor-transferor, which in some instances would be the F.D.I.C. A second interpretation of the language in question could be that the language is not an exception to the exemption but rather a statement that national banks and federal savings and loan associations are not considered to be agencies or departments of the United States.
¶ 9 The practical effect of the first interpretation would be to exempt any and all transfers involving the F.D.I.C. and any party other than a national bank or federal savings and loan. The exemption would include transfers to and from the F.D.I.C. and individuals, corpora tions, partnerships, state banks and state savings and loans. This would seem to be an absurd result.
¶ 10 We find the second possible interpretation to be the more reasonable. The reference to federally chartered banks was only intended to clarify that these institutions are not considered "federal agencies." This interpretation is bolstered by the fact that federal law prohibits state and local taxation of the F.D.I.C. except for non-discriminatory real property taxes.12 U.S.C.A. 1825(a) and (b) (1982).
¶ 11 Therefore, deeds or instruments to which the F.D.I.C. is a party, whether as grantor or grantee or in any other capacity, are exempt from the imposition of the Documentary Stamp Tax regardless of the other party involved in the transfer.
 II.
¶ 12 Your second question arises only in the very specific instance where the State Banking Commissioner has appointed the F.D.I.C. to reorga nize or liquidate the assets of a failed state bank. Title 6 O.S. 1202(F) (1990) provides that the Commissioner, after taking possession of an insolvent state bank, shall defray from the assets of the failed bank "all necessary and reasonable expenses of the Commissioner's possession of a bank . . . including but not limited to any necessary fees or other expenses incurred through the office of the county clerk."
¶ 13 Title 6 O.S. 1205 (1990) authorizes the appointment by the State Banking Commissioner of the F.D.I.C. as the liquidator of a failed state bank's assets. 6 O.S. 1205(C) states in part that upon acceptance of the appointment by the F.D.I.C. "the possession of all assets, business and property of such bank . . . shall be deemed transferred . . . to the Federal Deposit Insurance Corporation" and the "title to all such assets and property shall be vested in the F.D.I.C." 6 O.S. 1205(D) states, in pertinent part, that if the F.D.I.C. accepts the appointment as liquidator, then it ". . . shall proceed in liquidation under this title as if it were the Commissioner and shall act in the Commissioner's stead and be substituted therefor."
¶ 14 From the language in 6 O.S. 1205(D) it may appear that the F.D.I.C., as receiver of a failed state bank, could recover the Documentary Stamp Tax from the assets of the bank just as the Commissioner could under 6 O.S. 1205(F). However,12 U.S.C.A. 1825(b) (1982) exempts the F.D.I.C., when acting as a receiver, from the type of tax imposed by 68 O.S. 5101. Therefore even in the case where the F.D.I.C. has been appointed to liquidate the assets of a failed state bank, all deeds or instruments to which the F.D.I.C. is a party, in any capacity, are exempt from the imposition of the Documentary Stamp Tax.
¶ 15 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Any deed or instrument to which the Federal Deposit InsuranceCorporation is a party, whether as grantor or as grantee or inany other capacity, is exempt from the Documentary Stamp Taximposed by 68 O.S. 5101 (1990) by virtue of the exemptionfound at 68 O.S. 5102(12) (1990).
2. When the Federal Deposit Insurance Corporation, as liquidatorof a failed state bank under 6 O.S. 1205 (1990), transfersreal property to any party by deed or other instrument, such deedor other instrument is exempt from the imposition of theDocumentary Stamp Tax imposed by 68 O.S. 5101 (1990).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
DAN M. PETERS ASSISTANT ATTORNEY GENERAL